BLACKBURN ET AL. *v*. NORRIS.

(Decided October 31, 1933.)

*Mr. Edgar G. Millar* and *Messrs. Young & Barnes,* for plaintiffs in error.

*Mr. A. J. Kirskaddon* and *Mr. Allen C. Roudebush,* for defendant in error.

BLOSSER, P. J.   William Norris, the plaintiff in the court of common pleas, was the owner of a Lincoln automobile, and the defendants, doing business as Blackburn and Milligan, operated a garage in the village of Ripley, Brown county.   For convenience we will refer to the parties as they appeared in the court below.   The plaintiff, William Norris, averred in his petition that he delivered to the defendants, Irvin E. Blackburn et al., for repair and storage, for a consideration, his automobile, and that he later demanded the return of the same from the defendants and they failed and refused to return it to him, to his damage

in the sum of $2,500. The defendants in their answer admitted that they had received the automobile of the plaintiff, and among other things stated that, while the automobile was in their possession, without any fault on their part, it was destroyed by fire, the same being a mere casualty and accident, entirely without negligence on their part.

On the trial of the case the plaintiff testified in his own behalf and stated that he was the owner of the automobile and that he delivered it to the defendants for repair. He said that he had demanded the return of the car; but later stated that he made no demand because it had been destroyed by fire, and that a demand would have been futile. Without further proof of negligence on the part of the defendants, the plaintiff rested his case. At this point the defendants moved the court to direct the jury to return a verdict in their favor, which was overruled. The case then proceeded, the evidence showing the circumstances and conditions of the fire, the burning of the building, the destruction of the plaintiff's automobile, and its value.

The principal acts of negligence claimed by the plaintiff were that the garage was constructed with a wood floor, that the defendants failed and neglected to have a night watchman, that paint was stored in the garage, and that certain doors of the garage were barred from the inside and entrance could not be obtained except by forcing the doors.

At the end of all of the testimony the defendants renewed their motion for a directed verdict, which was overruled. The jury found in favor of the plaintiff, judgment was entered on the verdict, and this proceeding seeks a reversal, principally on the grounds that the court erred in overruling the defendants' motion for a directed verdict made at the conclusion of the plaintiff's evidence, that the court erred in not sustaining the defendants' renewal of the motion made

at the conclusion of all of the evidence, that the verdict is against the manifest weight of the evidence and not sustained by the evidence, and that the court erred in the general charge to the jury.

The facts in this case make this transaction a bailment for mutual benefit. It was based upon a sufficient consideration, and the bailee was required to use ordinary care for the safe-keeping of the automobile. In *Hotels Statler Co., Inc.,* v. *Safier,* 103 Ohio St., 638, at page 646, 134 N. E., 460, 22 A. L. R., 1190, of the opinion, it is stated: ''The trial court found the goods were delivered to the innkeeper, and that upon demand the innkeeper was unable to account for their loss. The plaintiff below, therefore, had a *prima facie* case against the bailee.''

It is doubtful if the plaintiff's evidence can be construed to support his claim that he made a demand of the defendants for the return of the automobile. He explained the reason that the defendants did not return it when he stated that it had been destroyed by fire. Had he not made this statement, but had simply made a *prima facie* case by showing the delivery of the automobile to the defendants, a demand for its return, and defendants' refusal, the motion should have been overruled. Having offered the explanation in his own evidence of the reason the automobile was not returned, the motion should have been sustained. The mere fact that there was a fire does not create a presumption of negligence. 11 Ruling Case Law, 955. However, the defendants elected not to rest their case at this point, but proceeded to offer evidence in their own behalf. They cannot in this proceeding avail themselves of the failure of the court to direct a verdict in their favor at the close of the plaintiff's evidence.

The defendants complain of the general charge of the court, stating that the court placed an undue burden on them. The court said:

"The burden is therefore upon the plaintiff to prove his claim by a preponderance of the evidence, which simply means the greater weight of the evidence. * * *

"The burden and degree of responsibility resting upon the defendants in the case of the automobile in question while it was in their garage is that they should exercise ordinary care under the circumstances as shown by the evidence to preserve it and protect it and prevent its destruction while there."

The contention of counsel as to the charge is not sound. The defendants' duty was one of ordinary care in the protection of the automobile. The charge does not say "the degree and burden of proof resting upon the defendants," but "the burden and degree of responsibility" was that of ordinary care. This language cannot be construed as casting any burden of proof upon the defendants. Simply because the court used the word "burden" did not increase or diminish the responsibility of the defendants in the particulars mentioned. The effect of the charge would have been the same if the word "burden" had been omitted. The charge of the court is not erroneous. While it is not as explicit as it should be, this is not ground for reversal in the absence of a request to further charge on the matter complained of.

As held in *Hotels Statler Co., Inc.,* v. *Safier, supra,* when the plaintiff proved the delivery of the automobile to the defendants, and failure to return the same to him after demand, the plaintiff had made a *prima facie* case. The burden of proof, however, was not shifted to the defendants as argued by counsel. The second paragraph of the syllabus in the case of *Dietrich* v. *Peters,* 28 Ohio App., 427, 162 N. E., 753, is cited as authority for that proposition. However, the language used does not mean that the burden of proof is cast upon the bailee to show freedom from negligence, but that when a *prima facie* case is made by the plain-

tiff the burden of *going forward* with the evidence is cast upon the defendant. The burden of proof in civil cases never changes. *Klunk* v. *Hocking Valley Ry. Co.,* 74 Ohio St., 125, 77 N. E., 752; 17 Ohio Jurisprudence, 140, 141. The rule is that a garage keeper in the absence of bad faith is liable only by reason of his negligence, and in an action brought against him for the loss of an automobile left in the garage for repair or storage the plaintiff must allege and prove negligence. This burden does not shift. If the plaintiff proves demand and refusal to deliver, and this is unexplained, it is *prima facie* evidence of negligence. But if it appear that the automobile was destroyed by fire, the failure to return is then explained, and the burden of proving that the loss was caused by the negligence of the garage owner rests upon the owner of the automobile. 3 Ruling Case Law, 150; *Claflin* v. *Meyer,* 75 N. Y., 260, 31 Am. Rep., 467; *Allen* v. *Fulton Motor Car Co.,* 71 Misc., 190, 128 N. Y. S., 419; *Knights* v. *Piella,* 111 Mich., 9, 69 N. W., 92, 66 Am. St. Rep., 375.

The acts that were proven which the plaintiff claims constituted negligence on the part of the defendants were that the garage had a wood floor, that paint was stored in the garage, that the defendants failed to maintain a watchman, and that certain doors of the garage were securely fastened from the inside. As to the first claim of negligence, the plaintiff was aware of the wood floor when he delivered his car, and therefore the maintaining of the wood floor cannot be considered negligence on the part of the defendants. As to the failure to maintain a night watchman, the evidence does not show that in a village of the size of Ripley it was customary or necessary for garage owners to maintain watchmen. As to the complaint of paint being stored in the garage, it was proved that the paint was not in the room with the automobile, but was in a room some distance from it, and that the fire

when first discovered was not in the room containing the paint, but was in a different part of the building. We do not think that the fact that some of the doors were securely fastened on the inside would constitute negligence, for the reason that, if they were not securely fastened, the defendants would be subject to a claim for negligence in case any of the automobiles had been stolen. We are unable to see how any of these facts can be said to constitute negligence on the part of the defendants.

The trial court should have sustained the motion of the defendants for a directed verdict made at the close of all of the evidence, and in overruling the motion the court erred, for which the judgment must be reversed. Proceeding to render the judgment which the trial court should have rendered, final judgment is entered for the plaintiffs in error.

*Judgment reversed.*

MAUCK and MIDDLETON, JJ., concur.