**GOODFLEISCH, ADOPTION OF, In Re.**

**GOODFLEISCH, Appellant v. GOODFLEISCH et, Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3665.   Decided October 1, 1943.

Wardlaw, Gertner & Armstrong, Columbus, and Abraham Gertner, Columbus, for plaintiff-appellant.

August W. Weber, Columbus, for defendants-appellees.

## OPINION

By GEIGER, J.

This matter is before this court on appeal from the judgment of the Probate Court of Franklin County, Ohio, in favor of the appellees who seek the adoption of George Robert Goodfleisch, a child four years of age, the son of Augustine Margaret Goodfleisch and her former divorced husband, Robert Goodfleisch, who is now in the armed services of the United States and who is the son of the parties seeking the adoption.

The Court after hearing the evidence finds that the facts stated in the petition are true and that the petitioners, the grandparents of the child, are of reputable standing in the community with the ability to properly maintain and educate the child and that the best interests of the child would be promoted by the adoption, and that the mother, Augustine Margaret Goodfleisch has failed to support the child for two consecutive years and is not a proper person to have the care and custody of the child, and that the father of the child has consented to the adoption; that the child has lived with the grandparents since birth, with the exception of a few months. It orders and decrees that the adoption be made and that the name of said child shall remain George Robert Goodfleisch, and that the child shall for all purposes provided by

statute be the child of the grandparents of the said child. The mother of the child excepts.

The bill of exceptions and the exhibits disclose the fact that the father and mother were divorced in April, 1942. During the period prior to the dissolution of the marriage the obligation of support was on the father. This has not been changed by the decree. The duty still rests with the father to support. The father in recognition of this obligation sent to the petitioners a certain sum per month, which they did not expend for the support of the child, although it was ample for that purpose. They chose rather to put it in the bank for future use by the child.

The adoption section, §10512-11 GC, provides that in any adoption proceedings written consent must be given to such adoption as follows:

"(2) By each of the living parents. * * * (a) By one of the parents when it shall appear from affidavit and evidence during the trial of the cause that the other parent has failed or refused to support the child for two consecutive years."

The subsequent subdivisions relate to the permission to be given by a court or under certain circumstances not present in this case.

The Court below recognized the fact that the mother would be required to consent unless she has failed or refused to support the child for two consecutive years, and the Court found that "the mother of said child has failed to support said child for two consecutive years and is not a proper person to have the care and custody of said child." The Court of Domestic Relations in the decree of divorce ordered: "It is further ordered and decreed by the Court that the custody of the child, George Robert, aged three years, be granted to the parents of the defendant herein, Mr. and Mrs. George Goodfleisch, until further order of this court." The divorce was granted on the ground that the defendant has been guilty of gross neglect of duty toward the plaintiff. While we are ordinarily inclined to support the Court below where there is conflicting testimony, yet this can not be done unless it appears that the finding of the Court below is based upon some proper evidence.

It is apparent that the mother has not consented to this adoption as provided in the second subdivision of the section. We must then examine the record to ascertain whether the

mother, the parent not consenting to the adoption, and indeed resisting it, has been shown by the evidence to have failed or refused to support the child for two consecutive years. The mother was not engaged in any gainful occupation after the divorce, and while the child was under the order of the court in the custody of the grandparents, and had no ability to support the child until after she secured employment in war work. Even then she was not under legal obligation to support the child as sufficient was furnished by the soldier husband for that purpose, and the grandparents made it plain to her that they did not wish any contribution from her for that purpose, they asserting that they were well able to care for the child.

Under §7997 GC, it becomes the duty, if the husband is unable to support the child, for the wife to assist him so far as she is able. The conditions did not impose the obligation upon her either to support the child or to contribute to the support, and even so, the grandparents made it plain to her that they did not wish any support from her.

We examine the petition of the appellees. It contains the allegation: "that the mother of said child is Augustine Margaret Goodfleisch * * * who has not supported said child for two consecutive years." The requirement of the statute is that the adoption may be made on consent of one of the parents "when it shall appear from affidavit and evidence during the trial that the other parent has **failed or refused** to support the child."

The petition in stating that the mother "has not supported the child" does not state the statutory requirement that "she has failed or refused to support the child," and it has not been so proved.

The first assignment of error is that the Court erred in rendering the decree of adoption without the consent of the mother. This, we believe, was prejudicial error upon the part of the Court. The second assignment of error is that the trial court erred in allowing the decree to stain the character of the mother. The Court found that the mother was not a proper person to have the care and custody of the child, which language was repeated in the finding. We do not believe that the Court was justified in finding that the mother is not a proper person to have the custody of the child. He had ruled that her reputation was not in issue and testimony on the subject incompetent. The evidence touching her moral qualifications was very limited and not such as

436

to justify the finding that she was not a proper person. It is asserted by counsel for the appellee that the trial judge should have sustained the mother's motion to dismiss the proceedings for five separate reasons enumerated in said motion. We believe that each of these asserted reasons is well founded and that the Court should have dismissed the application for adoption.

No legal obligation is imposed upon the mother to support the child for a number of reasons, among which may be enumerated:

(1) Because it is the duty of the father, which he was discharging by having an allotment of $25.00 per month made to his parents, which, if required, could be used for that purpose.

(2) The petitioners themselves have waived the right to have the mother support the child.

(3) There is no showing of failure of the father to support.

(4) No showing of ability upon the part of the mother to support.

(5) No showing of the violation of either §7997 or §13008 GC.

While no doubt the grandparents would be suitable persons for the care and support of the child, yet a child may not under the statute be taken from its parents without a compliance with the statute.

Judgment of the Court below reversed. Petition dismissed.

BARNES, P. J., and HORNBECK, J., concur.