**GATES, Adoption of In Re, PARR, et, Petitioners-Appellees, v. GATES, Defendant-Appellant.**

Ohio Appeals, Second District, Shelby County.

No. 142.   Decided November 4, 1948.

Cummins & Boller, Sidney, for petitioners-appellees.

James C. Blair, Howard Everett, Lima, for defendant-appellant.

**OPINION**

By MILLER, J.

This is a law appeal from a judgment of the Probate Court of Shelby County, Ohio. The action was one for the adoption of Janice Marie (Parr) Gates, a child born July, 1945. The natural parents have not consented to the adoption and are objecting to the same. The petition for adoption in attempting to comply with the requirements of §10512-14-(2)-(d) GC, contained the following allegation:

"Petitioners further represent to the Court that the parents of Janice Marie Gates have not provided a proper home, proper care, proper food, proper clothing for said child or the funds with which the same could be obtained since the child was placed in their home on the 20th day of July, 1945, a period of more than two years immediately preceding the filing of this petition and that said child has been in their continuous custody since such time."

The Court after hearing the evidence found that the facts stated in the petition were true. The only finding in the judgment entry regarding the neglect of the parents is the following:

"The Court further, from the evidence, finds that Emerson L. Gates and Annabelle I. Gates, now Van Horn, the parents of the child sought to be adopted herein, have not provided a proper home, proper care, proper food nor proper clothing for said child, nor the funds with which the same could be obtained, for a period of more than (2) two years immediately preceding the filing of the petition herein."

It will be noted that the word "wilfully" as used in the statute was used in neither the petition nor the entry of

judgment. The appellant (who is the mother of the child) therefore urges that there was no finding that the neglect of the parents was "wilful" and the judgment is contrary to law; that the motion to dismiss the petition should have been sustained. We think this assignment of error is well taken. The word "wilfully" as used in the statute has a definite meaning which requires that the neglect of the parents be intentional. Without the word being used the neglect of duty could be caused by carelessness and neglect and therefore be unintentional. With the word being used the degree of the neglect of duty is much higher than that when it is eliminated. A similar question was decided in the case of **In re Goodflesch, 73 Oh Ap, 15**. In this case the petition alleged:

"* * * That the mother of said child * * * has not supported said child for two consecutive years."

The requirement of the statute at that time was that the adoption may be made upon the consent of one of the parents,

"when it shall appear * * * that the other parent has failed or refused to support the child for two consecutive years."

The Court said:

"The petition in stating that the mother 'has not supported said child' does not allege the statutory requirement that she 'has failed or refused to support the child.' * * *."

Since the decision in the Goodflesch case the statute has been amended and the requirement has been increased by the addition of the word "wilfully." We therefore hold that the petition fails to state a good cause of action and the motion to dismiss should have been sustained.

We need not consider the assignment of error that the judgment is against the manifest weight of the evidence, as the finding of the Court was insufficient to meet the requirements of the statute. The parents having denied their consent to the adoption, the decree is unlawful.

We find no errors in the record prejudicial to the rights of this appellant. The petition is ordered dismissed and the cause is ordered certified to the Juvenile Court as provided by §10512-21 GC for appropriate action and disposition by such court.

WISEMAN, PJ, and HORNBECK, J, concur.

APPLICATION FOR REHEARING

No. 142.   Decided December 8, 1948.

By THE COURT:

This is an application for a rehearing. The appellees are requesting that the cause be remanded to the trial court for a change in the judgment entry, showing that the neglect was wilful. This modification would not change the result, as we pointed out in our decision that the petition did not allege that the neglect was wilful. It therefore did not state a good cause of action.

The application is denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.