**POET et, Petitioners-Appellees, v. ROSINSKI,
Respondent-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22108.   Decided February 26, 1951.

Nicola & Marsh, Cleveland, for petitioners-appellees.

Anthony J. Celebreeze, Paul Mancino, Cleveland, for respondent-appellant.

(DOYLE, J, of the 9th District sitting in place of McNAMEE,
J, of the 8th District.)

## OPINION

Per CURIAM:

Sec. 10512-14 GC, provides in part:

"No final decree * * * of adoption shall be entered by the court unless there shall be filed with the court written consent to the adoption, verified or acknowledged as follows:

1. * * *

2. By each of the living parents, adult or minor, except as follows:

a. * * *

b. * * *

c. * * *

d. If it is alleged in the petition that one or both of the parents have wilfully failed to properly support and maintain the child for a period of more than two years immediately

514

preceding the filing of the petition, the court shall cause notice of the filing of said petition and the allegations of such failure to be given such parent or parents as provided in §10501-21 GC. After such notice has been given, the probate court shall determine the issue as to such failure to properly support and maintain the child. The consent of the parent found by the Probate Court to have wilfully failed to properly support and maintain the child for such period shall not be required. * * *."

Under the provisions of the Code, as above set forth (2-d) trial was held in the Probate Court to decide the issue as to whether the father of two children of tender years had wilfully failed to properly support and maintain them and as a consequence thereof, whether the consent of the parent was necessary in the proceedings for adoption. (The mother is dead.)

Upon completion of the evidence, the court held the parent guilty of a wilful failure to properly support and maintain his children. In the appeal to this Court it is urged that the judgment is "contrary to law and the evidence:" is "contrary to the weight of the evidence;" and that the court erred in "not dismissing the petitioners' petition as it did not constitute a good cause of action."

Further the appellant poses the following question:

"Does the mere failure to pay for support constitute 'wilfulness' as provided by §10512-14 (d) GC.?"

In answer to the last question, we determine that the "mere failure" in and of itself "to pay for support of minor children" does not under the statute "constitute wilfulness."

Proceeding now to the sufficiency of the evidence. An examination of the record reveals competent, credible evidence with reasonable inferences to be drawn therefrom, tending to support all of the essential elements of the case. It is not the province of a reviewing court to reverse a judgment simply because the evidence is conflicting. The weight of the testimony and the credibility of the witnesses are questions for the trier of the facts. And in the case under review there was vested in the trial judge alone the determination of the value of the evidence which tended to support the issue, its credibility and worthiness of belief and its weight. We do not find that the judgment rendered is manifestly and clearly against the weight of the evidence, but on the contrary is supported by competent evidence.

The petition as amended does state a good cause of action. The error claimed to arise because the court refused to dismiss it upon motion is not tenable.

In conclusion we expressly determine that the judgment is not contrary to law.

Under the above rulings covering each claim of error, the judgment must be and is affirmed.

Judgment affirmed. Exc. Order see journal.

SKEEL, PJ, HURD, J, DOYLE, J, concur.