CODY ET AL., APPELLEES, *v.* MILLER, D. B. A. MILLER'S
MOVING & STORAGE, APPELLANT.

(No. 2137—Decided April 19, 1951.)

*Mr. R. J. Stoecklein,* for appellees.
*Mr. Clifford R. Curtner,* for appellant.

*Per Curiam.* The petition alleges a contract of bailment of household goods delivered by the plaintiffs to the defendant for storage and safekeeping at a specified monthly rate; that such goods were to be returned to the plaintiffs upon demand; that plaintiffs made a

demand on the defendant for redelivery of the goods and tendered the storage charges; and that defendant failed to comply, all to plaintiffs' damage in the sum of $3,000.

The answer admits that plaintiffs stored certain household goods with the defendant and that the defendant was unable to return the goods because they were destroyed by fire of an unknown origin. Defendant pleads a special contract limiting liability, and a general denial. The reply denies affirmative allegations in the answer.

It is claimed the trial court erred, first, in holding that a warehouseman, in the absence of an agreement to the contrary, is an absolute insurer of the goods bailed, and, second, in placing the burden of proof upon the defendant to dispel a prima facie case when, in fact, plaintiffs failed to prove negligence, the plaintiffs having elected to prove negligence rather than to depend on a prima facie case.

All errors are discussed and treated under one heading.

Under Section 8477, General Code, a warehouseman is not an absolute insurer; he is liable "for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise." See 40 Ohio Jurisprudence, 1305, 1306, Sections 68, 69, and 56 American Jurisprudence, 387, 388, Section 144. The record does not support appellant's contention that the trial court held that a warehouseman is an absolute insurer.

Under Section 8464, General Code, when the plaintiffs established ownership of the goods, delivery for hire to the warehouseman, and failure to redeliver to the plaintiffs on demand, a prima facie case was made out. The burden was on the plaintiffs to prove

these facts. The proof of these facts then cast the burden upon the defendant to explain the loss. It is conceded that the plaintiffs established a prima facie case except demand. Plaintiffs claim there is sufficient evidence to warrant a conclusion that a demand for redelivery was made. The defendant contends that no formal demand was made. The evidence shows that plaintiffs' goods, together with other goods in storage, were totally destroyed by fire. One of the plaintiffs, upon learning of the fire, went to the defendant's place of business and inquired for his furniture. The defendant told the plaintiff that it had been destroyed in the fire. Thereupon plaintiff paid the defendant the charges. The law does not require the doing of a vain and useless thing. *Agricultural Ins. Co. v. Constantine*, 144 Ohio St., 275, 288, 58 N. E. (2d), 658. Under the circumstances a formal demand to deliver the furniture was not necessary. 9 Ohio Jurisprudence, 495, Section 258; 67 Corpus Juris, 530, Section 158. See, also, *Buffalo Grain Co. v. Sowerby*, 195 N. Y., 355, 88 N. E., 569. A prima facie case was thus established by the plaintiffs.

The plaintiffs presented evidence in an attempt to prove that defendant did not use due care. The plaintiffs, as a part of their case in chief, called two inspectors of the fire department who testified that the cause of the fire was unknown; that the department had made certain recommendations to the defendant prior to the fire, with which defendant had not complied; that they could not state that the fire was due to the negligence of the defendant or to his failure to comply with their recommendations; and that defendant operated his warehouse in a manner similar to the operation of other warehouses.

Is the plaintiff denied the right to go to the jury

on the ground that this evidence was presented in the plaintiffs' case?

The defendant introduced no testimony. It is claimed by the defendant that the plaintiff lost the benefit of a prima facie case by presenting evidence that the furniture was destroyed by fire and in an attempt to show that the defendant did not safely keep the goods. The defendant contends that by attempting to prove more than a prima facie case, the effect was to place the burden on the plaintiffs to prove negligence and if the evidence did not establish the negligence of the defendant that the plaintiffs had failed in their proof. The defendant relies chiefly on the case of *Blackburn* v. *Norris,* 46 Ohio App., 469, 189 N. E., 262, and *Syndicate Parking, Inc.,* v. *General Exchange Ins. Corp.,* 17 Ohio Law Abs., 596. Support is found in these two cases for defendant's contention. However, plaintiffs contend that the law announced in these two cases has been overruled in the later case of *Agricultural Ins. Co.* v. *Constantine,* 40 Ohio Law Abs., 569, 56 N. E. (2d), 687, which was certified to the Supreme Court on the ground that it was in conflict with the judgment pronounced in *Blackburn* v. *Norris, supra.* The Supreme Court, in 144 Ohio St., 275, 58 N. E. (2d), 658, affirmed the judgment of the Court of Appeals in the *Constantine case.* The plaintiffs cite also *Hanlon* v. *J. E. Miller Transfer & Storage Co.,* 149 Ohio St., 387, 79 N. E. (2d), 220. It is the contention of the plaintiffs that, under the doctrine of the *Constantine* and *Hanlon cases,* the burden, under the facts in this case, was on the defendant to prove by a preponderance of the evidence that the loss was not due to the defendant's failure to exercise due care.

In the *Constantine case* our Supreme Court, on page 285, held:

"The authorities are uniform in holding that proof of those facts makes out a *prima facie* case of liability whether the action be based upon breach of contract or upon negligence, and that the defendant must explain the loss of the bailed property."

On page 286 the court finally stated the rule as follows:

"The rule supported by the weight of authority may be stated thus: A bailee may ordinarily rebut the presumption of negligence or lack of due care by proof of loss arising from theft or fire. Where, however, the bailee proves loss of the bailed article by theft but attempts no explanation of the circumstances and offers no proof of facts from which an inference of due care may be drawn, he does not rebut the presumption of negligence arising from his failure to return the bailed property. See Brown on Personal Property, 330, Section 87; 8 Corpus Juris Secundum, 348, Section 50; 6 American Jurisprudence, 452, Section 372, and cases cited."

The *Constantine case* was not an action brought under Section 8464, General Code. However, it did lay down the general rule on Ohio applicable to bailments.

In the *Hanlon case* the syllabus is as follows:

"Under the provisions of Section 8464, General Code, when a warehouseman refuses or fails to redeliver goods in compliance with a proper demand by the holder or depositor, the burden is on such warehouseman to prove the existence of a lawful excuse for such refusal or failure.

"The proof of such affirmative defense must be by a preponderance of the evidence.

"In an action *ex contractu* under favor of this statute, the burden remains on the plaintiff bailor to prove a breach of the contract on the part of the defendant

bailee by refusing or failing to redeliver the goods after a proper demand therefor.''

In the *Hanlon case*, the trial judge instructed the jury that ''the burden is upon the defendant to prove the existence of a lawful excuse for its failure to redeliver said goods upon demand, by a preponderance of all the evidence.'' The Supreme Court, in commenting on this instruction, stated that it was given in almost the exact language of Section 8464, General Code, and that the trial judge was not in error in so instructing the jury.

In that case the court quotes at length from 6 American Jurisprudence, 447, Section 369, 8 Corpus Juris Secundum, 342, Section 50, and 40 Ohio Jurisprudence, 1315, Section 80, which latter says:

''The statutory rule of Section 8464, General Code, removes all doubt from the question of the burden of proving the existence of a lawful excuse for nondelivery and places the burden squarely upon the warehouseman to establish, by a preponderance of the evidence, a lawful excuse for nondelivery.''

See, also, *Brenton* v. *Sloan's United Storage & Van Co.*, 315 Ill. App., 278, 42 N. E. (2d), 945, and *Benning Warehouseman Co.* v. *Widener* (U. S. C. A.), 172 F. (2d), 910.

This court is of the opinion that in the instant case the plaintiffs were not deprived of the benefit of their prima facie case by the introduction of additional evidence on the question of whether the defendant exercised due care. The cause of action was in contract and not in tort. The introduction of this additional evidence did not change the cause of action from one in contract to one in tort. The plaintiffs having established a prima facie case, the burden was then on the defendant to prove by a preponderance of the evidence that he had used due care.

As we find no error in the record prejudicial to the rights of the defendant, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., WISEMAN and MILLER, JJ., concur.