**STEPHEN, Adoption, In re: STEPHEN et,
Petitioners-Appellants, v. MILSTEAD, Respondent-Appellee.**

Ohio Appeals, Second District, Darke County.

No. 702.   Decided March 27, 1952.

Spidel, Staley & Hole, Max Harley, Greenville, for appellants.
Bowen & Duning, Richmond, Indiana, for appellee.

## OPINION

By HORNBECK, PJ:

This is an appeal on questions of law from a judgment of the Probate Court dismissing appellant's petition for adoption of a child, Barbara Ann Clevenger, of whom the appellee is

the mother and Russell Clevenger is the father. The father consented, in writing, to the adoption as prayed and the petition alleged that the written waiver of the mother was not required because she had willfully failed to properly support and maintain the child for a period of more than two years immediately preceding the filing of the petition.

The matter came on to be heard upon the latter averment. Respondent was called as upon cross-examination and petitioners offered their evidence in chief and rested. At the conclusion of their case appellee moved for a dismissal of the petition for the reason that petitioners had failed to establish their essentials of proof. This motion was sustained and judgment entered accordingly.

Four errors are assigned the first of which is that the Court erred in refusing to admit evidence offered by the petitioners * * *. This assignment has been abandoned as there is no specification of the testimony proffered which it is claimed the Court refused to accept.

The other three assignments are directed to the correctness of the action of the Court in granting respondents motion to dismiss.

Appellants urge that they made a prima facie case in their behalf which was sufficient against the motion for a dismissal that upon such motion the evidence must have been resolved most favorably to them. **Hamden Lodge v. Gas. Co., 127 Oh St 469.** The rule announced in the third syllabus of this case is not applicable. Here the judge was not only the trier of the law but also of the issues of fact. Upon the determinative issues of fact, under the statute §8004-6 (B) (4) GC the burden was upon the petitioners. If they had not met that burden when they rested, it would have been a vain and useless procedure to require the defendant to offer her testimony. The case which plaintiffs had made when they rested must have been sufficient to preponderate in their behalf on all material issues and this required the weighing of the evidence by the trier of the facts.

It is not necessary to draw any fine distinction as to the extent of the obligation of proof upon the petitioners at the time that the motion was made because as to certain material facts essential to petitioners case, there is complete failure of proof.

The applicable §8004-6 GC provides that:

"No final decree of adoption shall be entered by the court unless written consents to the adoption shall be filed with the court.

"(B) By each of the living parents * * * except as follows:

"(4) If it is alleged in the petition that one or both of the parents have willfully failed to properly support and maintain the child for a period of more than two years immediately preceding the filing of the petition."

The record discloses the failure of the petitioners to support the essentials of their proof in four particulars.

1.—That defendant was under legal obligation to support the minor during the full period of more than two years prior to the filing of the petition.

2.—That the time during which the defendant did not support the child covered the period required by the statute, viz: more than two years prior to the filing of the petition.

3.—That the failure of defendant to support the child was willful. **Gates, In re, Parr, et al v. Gates, 53 Abs 315; Poet v. Rosinski, 60 Abs 513.**

4.—The ability of respondent to support the child. **Sec. 8002-3 GC. In re Goodfleisch, 73 Oh Ap 17.**

The petition for adoption was filed September 10, 1951. Thus, the two year period involved began prior to September, 1949. 1.—Under the statute §8002-3 GC, the defendant was not required to support her minor child until and unless the father was unable to do so. Not only was the father primarily liable for the support of the child by statute, he also was expressly charged with that obligation by court order made sometime in the summer of 1946. This order was subsisting at all times involved in this action. 2.—It is undisputed that the father of the child recognized his obligation of support and with but two exceptions for short periods of time met that obligation. Mrs. Stephen, to whom the father sent the support money for the child testifies that he fully complied with the court order in 1948, 1949 and until December, 1950. Manifestly, the father was providing support for the child during the greater part of the two year period prior to the filing of the petition for adoption.

The father suffered an accident in December, 1950, which incapacitated him until July, 1951 when he returned to work and presumably was able to continue his payments under the support order of the court. Thus, it clearly appears that the only period during the two years prior to the filing of the petition that the defendant could conceivably have been liable for the support of her child was from December, 1950, until July, 1951, seven months in all. 3.—The parents were separated and divorced in February, 1946. The father of the child remarried and the mother remarried twice, moved to California in November, 1948 and lived there until February, 1950, when she returned to Indiana.

The Court had a right to find that it did not appear that the defendant knew that the father of the minor was not observing the support order or that he was unable to do so. So that there is an absence of proof that even for the time when the respondent should have been providing for the minor the failure could be held to be willful.

The action of the Court in sustaining the motion to dismiss was not against the weight of the evidence, nor contrary to law.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.