IN RE ADOPTION OF BAKER: BAKER, APPELLANT, *v.* THOMAS, APPELLEE.

(No. 427—Decided May 12, 1955.)

*Mr. Thomas M. Dowd* and *Mr. Wm. B. Price,* for appellant.
*Messrs. Kaylor & Kaylor,* for appellee.

MIDDLETON, J. Section 3107.06, Revised Code, provides in part:

"No final decree or interlocutory order of adoption shall be entered by the Probate Court unless there is filed with the

court written consents to the adoption, verified or acknowledged by the following:

"* * *

"(B) By each of the living parents, adult or minor, except as follows:

"(4) If it is alleged in the petition that one or both of the parents have willfully failed to properly support and maintain the child for a period of more than two years immediately preceding the filing of the petition, the court shall cause notice of the filing of said petition and the allegations of such failure to be given such parents as provided in Sections 2101.26 to 2101.28, inclusive, of the Revised Code. After such notice has been given, the court shall determine the issue as to such failure to properly support and maintain the child. The consent of a parent found by the court to have willfully failed to properly support and maintain the child for such period shall not be required."

Pursuant to the provisions of this section, trial was had in the Probate Court to determine the issue of whether Travers A. Baker, the father of Samantha Dee Baker, the child sought to be adopted, had willfully failed to properly support and maintain her, and whether the consent of the father was necessary in the proceedings for adoption.

Upon such hearing, the Probate Court found that the father had willfully failed to properly support and maintain his child. It is from this finding and judgment of the court that an appeal is taken to this court. Five errors are assigned by the plaintiff-appellant, the contestant father.

1. That the finding, final order and judgment of the Probate Court of Hardin County, Ohio, are not sustained by sufficient evidence, and are contrary to law.

2. Errors of law occurring at the hearing and excepted to by the plaintiff.

3. Error in the admission of evidence offered by the petitioner and objected to by the plaintiff.

4. Error in the rejection of evidence offered by the plaintiff.

5. That the Probate Court of Hardin County was without jurisdiction to enter the order appealed from herein.

The evidence offered at the trial consisted of the testimony

of the petitioner for adoption, the father of the child, and the mother of the child.

The father and mother are divorced and both have remarried. The mother is now married to the petitioner and has given her consent to the adoption of the child. The father refused his consent to the adoption.

At the time of the divorce, granted to the husband, the custody of the child was awarded to the mother except during vacation, when the father was to have the custody. An order was made in the divorce decree for the father to pay the sum of $30 per month for the support of the child. The record shows that the father made two payments, under this order, of $30 each, or a total of $60; that during the two-year period prior to the filing of the petition for adoption the father made gifts to his daughter at Christmas and on her birthdays; that these gifts consisted of a coat, pearl necklace and other small gifts, and on each occasion he gave her the sum of $20; that he visited the child, both in the home of the mother and her husband and in the home of the child's grandparents; that on some of these occasions the mother was present and on several occasions the petitioner was present; and that neither the mother nor the petitioner made any demand or request on the father for support of the child, although both knew that the father was financially able to pay the amount set forth in the court's order. Both the mother and the petitioner testified that they knew they could collect from the father for the support of the child at any time they might choose.

The petitioner testified that it was satisfactory with him to have the child in the home without making any demand on the father for support, and that he voluntarily took care of the child after his marriage to the mother.

The father testified that he conferred with the mother concerning the creation of a fund for the college education of their child, and that he offered to pay for her support. However, he testified that such a fund was not set up and nothing was paid for the child's support as a result of such conference. He tendered in evidence a will, executed by him within the two-year period and prior to this action, to show that he had made substantial provision for his daughter. The admission of this evidence was refused by the court.

"Willful" has been defined as meaning intentional; voluntarily; desirous; not accidental.

It is the holding of the courts that mere failure, in and of itself, to pay for the support and maintenance of a child does not constitute willful neglect within the meaning of Section 3107.06, Revised Code, so that the consent of a parent is not required before a final decree of adoption is entered by the court. *Poet* v. *Rosinski*, 60 Ohio Law Abs., 513, 102 N. E. (2d), 19.

There must be something more in the conduct of a parent charged with willful failure to support his child, in addition to the mere failure to make payment, before such parent can be found guilty of willful failure to furnish support.

The burden of proving that the conduct of the father, in his failure to support his child, was willful rests with the petitioner making the charge.

The evidence in this case shows only that the father failed to support his child by his failure to make the payments ordered by the court.

We believe the factual situation revealed in the record in this case fails to support the charge that the father willfully failed to support his child, as contemplated by Section 3107.06, Revised Code.

It is the opinion of the court that the finding and judgment of the court below are not supported by sufficient evidence and is contrary to law. The judgment is reversed.

*Judgment reversed.*

QUATMAN, P. J., and YOUNGER, J., concur.