GERALDINE YOUNG *v.* JACQUALINE SUE YOUNG

[No. 2-276A60. Filed August 24, 1977. Rehearing denied September 27, 1977. Transfer denied December 15, 1977.]

*Louis Pearlman, Jr.,* of Lafayette, for appellant.

*Michael J. Andreoli, Donaldson & Andreoli,* of Lebanon, for appellee.

WHITE, J.—Jacqualine Sue Young, the second and present wife of Eugene Young, filed a Petition for Adoption of Bradley and Jennifer Young, the minor children of Mr. Young's first marriage. Geraldine Young, his first wife and mother of the children, refused to consent to the adoption. The trial court, after hearing evidence, found that as a result of the mother's failure to make support payments her consent was not required and granted the adoption. The mother has perfected this appeal from that decision.

We reverse.

On February 9, 1971, the Clinton Circuit Court granted a divorce to Mr. Young and the first Mrs. Young. Custody of their children was awarded to Mr. Young's mother and both parents were ordered to make weekly support payments to the grandmother, the mother to pay five dollars and the father ten. Approximately two weeks after the divorce the father remarried. Without seeking an amendment of the custody order, he took custody of the children. On August 5, 1974, the second Mrs. Young filed her Petition for Adoption.

Between the divorce and the hearing on the adoption petition the first Mrs. Young lived with her mother where her children spent every other weekend with her. She played with them, took them on outings to the park and the beach, and bought them numerous gifts, including bicycles. In the summer of 1971 she made one fifty dollar support payment to grandmother Young, but has made no other payments. There is no evidence that the children were ever in need or that anyone ever suggested to their mother that she should make payments for their support.

The trial court found that the mother

"wilfully failed to provide for the care and support of [said children] when able to do so as required by the decrees of the Clinton Circuit Court . . . and that the consent of Geraldine Snowden Young to the adoption of Bradley Floyd Young and Jennifer Lynn Young by Jacqualine Sue Young should not be required. . . ."

Ind. Ann. Stat. § 31-3-1-6(g)(1) (Burns Code Ed., 1973), provides that adoption can occur without the consent of a parent

"if the child is adjudged to have been abandoned or deserted for six [6] months or more immediately preceding the date of the filing of the petition; or a parent of a child in the custody of another person, if for a period of at least one (1) year he fails without justifiable cause, to communicate significantly with the child when able to do so or he *wilfully fails to provide for the care and support of the child when able to do so as required by* law or *judicial decree;*" (Our emphasis.)

That the mother failed to provide for support as required by judicial decree is unquestioned.[1] That such failure was wilful is not shown by the evidence.[2]

In *Emmons v. Dinelli* (1956), 235 Ind. 249, 260, 133 N.E.2d 56, 61, the court was concerned with the above statute, but had this to say about the word "wilful":

"Significantly our adoption statute omits the use of the word 'wilful,' as characterizing the abandonment or desertion. In contrast, the Ohio statute uses the term 'wilfully abandon' and, in construing that statute, the probate court of that state stated with reason that '. . . The word "wilfully" as used in the statute has a definite meaning which requires that neglect of the parents must be intentional. Without the word being used the neglect of duty could be caused by carelessness and neglect and, therefore, be unintentional. . . .' *In re Adoption of Gates* (1948), 84 Ohio App. 269, 270, 85 N.E.2d 597, 598. Therefore,

---

1. The mother argues that the decree is invalid because the father alone has the legal responsibility to provide for the support of his children, and also that the decree was voided when the father assumed custody of the children contrary to the decree. We do not address these issues.

2. The mother's employment during this time was somewhat sporadic. The relevant evidence is somewhat sketchy but it would probably support a finding that she had the ability to make the payments.

looking to the language of our statute, we conclude that the careless and negligent failure to perform the duties of parenthood is a significant element of the offense of abandonment or desertion, which neglect is to be considered *regardless of any actual 'intention' or 'settled purpose'* by the parent to relinquish the proprietary claim of the parent to his child." (Our emphasis.)

*In re Baker's Adoption* (1955), 100 Ohio App. 146, 136 N.E.2d 147, a more recent Ohio case which specifically discusses the meaning of wilful failure to support, concerned a situation analogus to the case at bar.[3] A divorce decree awarded the mother custody and ordered the father to pay support monthly. He made only two support payments, but visited the child regularly and made frequent gifts to her. Neither the child's mother nor her second husband made any request for support although they saw the father often and also knew he was financially able to pay support. The trial court held that the father's consent was unnecessary since he had "wilfully failed to properly support and maintain his child." In reversing that judgment the court of appeals said (136 N.E.2d at 149):

" 'Willful' has been defined as meaning intentional; voluntary; desirous; not accidental.

"It is the holding of the courts that mere failure, in and of itself, to pay for the support and maintenance of a child does not constitute willful neglect . . . so that the consent of a parent is not required before a final decree of adoption is entered by the court. [Citation omitted.]

---

3. *In Re Baker's Adoption* construed Section 3107.06, Ohio Revised Code, which then read in part as follows:

"(4) If it is alleged in the petition that one or both of the parents have willfully failed to properly support and maintain the child for a period of more than two years immediately preceding the filing of the petition, the court shall cause notice of the filing of said petition and the allegations of such failure to be given such parents as provided in sections 2101.26 to 2101.28, inclusive, of the Revised Code. After such notice has been given, the court shall determine the issue as to such failure to properly support and maintain the child. The consent of a parent found by the court to have willfully failed to properly support and maintain the child for such period shall not be required."

(This provision has been amended. See Section 3107.07, Page's Ohio Revised Code, 1976 Supplement.)

"There must be something more in the conduct of a parent charged with willful failure to support his child, in addition to the mere failure to make payment, before such parent can be found guilty of willful failure to furnish support."

The second Mrs. Young, as the party "seeking to sever the parent-child relationship", was required to prove "by clear, cogent and indubitable evidence" that the mother's failure to support her children was wilful. *In Re Bryant's Adoption* (1963), 134 Ind. App. 480, 493, 189 N.E.2d 593, 600, and cases cited therein. This she has failed to do.

The judgment is reversed and this cause is remanded to the trial court with instructions to set aside its order granting the Petition for Adoption and to enter its order denying said Petition.

Sullivan, P.J., concurs.

Staton, P.J., participating by designation, concurs.

NOTE—Reported 366 N.E.2d 216.