## SYNDICATE PARKING, INC v GENERAL EXCHANGE INSURANCE CORP et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13614. Decided June 11, 1934

John H. McNeal, Cleveland, for plaintiff in error.

J. Roger Jewitt, Cleveland, for defendants in error.

## OPINION

By McGILL, J.

In brief, the pleadings and the evidence disclose that Sheehan parked his car about 8:00 P. M. and was given a ticket or receipt for which he paid a charge of fifteen cents and then placed the car in what was termed a seventy-five cent space and locked the car. The ticket or receipt in fine print provided that defendant would not be liable for the theft of a car where a fifteen cent charge was made and the car required to be kept unlocked but that it would become liable for theft of a car upon payment of the seventy-five cent charge, and the car kept in space where cars could be locked.

The plaintiffs below did not ground their action in negligence but claimed an oral bailment and alleged and sought to prove the theft of the car.

It was strongly urged in the briefs and in oral argument by the defendant in error that the plaintiff was bound by the terms of the ticket given to Sheehan. We not think that plaintiff Sheehan was bound by the terms of this ticket for the reason that this fine print was not called to his attention and was not assented to by him.

In the case of **Lubric Oil Company** v

American Automobile Insurance Company, **Vol. 25, page 156 of Unreported Opinions of this Court of Appeals**, it was said by Ingersoll, J., at page 160:

"In view of the principle last above announced, which is found in Williston, Law of Contracts, Vol. 1, §906, and which is fully sustained by the following authorities, we find that the special contract claimed by the Lubric Oil Company was not made because not brought to the knowledge of and assented to by the plaintiff."

The decision in the instant case, however, turns upon well settled principles of bailment law. It is a general rule that where a bailor proves simply the delivery of the property to the bailee, and the latter fails to return the property on demand, a prima facie case is made out against the bailee. In such a case a presumption of negligence arises.

In the instant case the plaintiff alleged and proved the theft of the car and thus accounted for its loss. Therefore, there was no presumption of negligence arising from the failure of the defendant to explain the loss because the plaintiff furnished the explanation. The effect of this was to place the burden of proof upon the bailor to show that the defendant parking company did not exercise ordinary care.

In the recent case of **Blackburn et v Norris, reported in Ohio Law Bulletin & Reporter, April 2, 1934, (16 Abs 506)**, it is said by Blosser, PJ.

"If the plaintiff proves demand and refusal to deliver, and this is unexplained, it is prima facie evidence of negligence. But, if it appears that the automobile was destroyed by fire, the failure to return is then explained and the burden of proving that the loss was caused by the negligence of the garage owner rests upon the owner of the automobile. 3 Ruling Case Law 150; Claflin v Meyer, 75 N. Y. 260, 31 Am. Rep. 467; Allen v Fulton Motor Car Co., 71 Misc. 190, 128 N. Y. S. 419; Knights v Piella, 111 Mich. 9, 69 NW 92, 66 Am. St. Rep. 375."

The record discloses that this was a large open parking lot with three exits, one of which had been closed at 2:30 in the afternoon. There were two attendants in charge. The evidence shows that one of the attendants saw this car pass across the lot and out of one of the gates and he was unable to overtake it as the car was driven away by a thief. It must be borne in mind that Sheehan had locked his car.

A careful reading of the testimony on behalf of the plaintiffs fails to show any negligence on the part of defendant parking company, unless it can be claimed that it was the duty of the parking company to keep a large number of guards to guard against thieves. We do not think that the parking company was bound to keep a large number of guards or a police force to see that each and every car was not moved excepting by the rightful owner. If that was necessary the law would virtually make the defendant company an insurer while the car was in the custody of defendant. The defendant's duty was one of ordinary care in the protection of the automobile.

In the Lubric Oil Company case (supra) it appears that the attendant had given the car to a man who resembled the real owner. This properly raised a question of fact as to whether or not the Lubric Oil Company was negligent. In the instant case a thief surreptitiously gained access to the car and drove it away without any opportunity on the part of the attendant to prevent it.

Confining our application of the law to the facts in this record, it is clear that the plaintiffs below did not meet the burden of proof which was on the bailor and failed to show any negligence on the part of the parking company with respect to the loss of this car.

Accordingly, the judgment is reversed as contrary to law, for failure of the trial court to grant the motion for judgment in favor of the defendant at the close of plaintiff's evidence, and final judgment will be entered for plaintiff in error.

LIEGHLEY, PJ, concurs in judgment.
LEVINE, J, dissents.

### DISSENTING OPINION

By LEVINE, J.

The basic principles of law applicable to this case cannot successfully be disputed. It may well be taken as settled that the general duties accompanying the contract of bailor and bailee apply to this case. When Frank T. Sheehan parked his automobile in the open parking lot belonging to Syndicate Parking, Inc., he paid the requisite fee of fifteen cents and received a parking ticket. Upon the presentation of his parking ticket he became entitled to a return of his automobile. The failure to redeliver the automobile raises in itself an inference of negligence on the part of the bailee. The bailee in this case claims that the car was stolen without its fault and in that way it seeks to escape the inference

of negligence arising from the fact of the non-delivery of the automobile.

It will be seen that in this instance Sheehan locked his car. It is not imposing an unreasonable burden upon the bailee to require that no one be permitted to enter a car until he presents his parking ticket. In this instance, assuming that the automobile was stolen by an unknown person, the thief had to either unlock the automobile or break the lock. It became, therefore, a question of fact whether, under the circumstances, the bailee exercised ordinary care by way of protecting the automobile placed in its charge.

The trial court found that the bailee did not exercise sufficient care under the circumstances.

There is nothing in the record to indicate that such conclusion is manifestly against the weight of the evidence.

In my opinion the judgment should be affirmed.