## AUTOMOBILE INS. AGENCY, INC., v LLOYD

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3393. Decided Feb. 26, 1942.

Tallentire & Barner, Cincinnati, and W. R. Meier, Cincinnati, for plaintiffs-appellees.

Thomas J. Herbert, Attorney General, Columbus, David M. Spriggs, Asst. Atty. General, Columbus, Paul R. Gingher, Special Asst. Counsel, Columbus, George P. Bickford, Cleveland, Special Asst. Counsel, for defendant-appellant.

### OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The controversy arose between the Superintendent of Insurance of Ohio, wherein application for issuance of insurance agents' license to plaintiffs was denied. The case was carried to the Court of Common Pleas of Franklin County, Ohio, where, upon hearing, it

was ordered that the action of the defendant be set aside and held for naught, and further ordered that the Superintendent issue to plaintiff and its constituent members and Edward Bernard insurance agents' licenses for the remainder of the license year, expiring on June 30, 1941.

Under the statute these licenses are issued annually. The original application was for the years 1939 and 1940, expiring July 1, 1940.

After the case was filed in the Common Pleas Court and after July 1, 1940, a supplemental petition was filed, setting out a second application and the refusal by the Superintendent to issue. This second application, if granted, would have expired July 1, 1941. The Court of Common Pleas issued temporary orders under the original petition and also under the supplemental petition.

On June 30, 1941, the parties entered into a stipulation intending to cover the hiatus arising through the expiration of the year before the case would finally be determined in the Court of Appeals, and possibly the Supreme Court. This stipulation, among other things, contained the following:

"It is hereby stipulated and agreed by and between the parties hereto and their counsel that said Automobile Insurance Agency, Inc., and its constituent members and Edward Bernard shall be and are constituted agents' for the Motorists' Mutual Insurance Co., The Republic Mutual Insurance Company, The Grain Dealers' National Insurance Company and American Motorists' Insurance Company for the license year ending July 1, 1941, etc."

Defendant-appellant's assign-ments of error are set out under seven separately stated and numbered specifications. In counsel for appellant's brief these assignments are set out in what is termed a broad outline, although they in turn revolve upon subsidiary questions as they are developed in the argument and the issues before the Court.

"(1) Was the proceeding before the court below, on appeal from the Superintendent of Insurance, a trial de novo instead of a review of the action of the Superintendent, and may the Common Pleas Judge substitute his judgment for that of the Superintendent of Insurance on questions of fact, which, according to §644 GC, are within the sound discretion of the Superintendent of Insurance?

(2) Is the Superintendent of Insurance, in determining whether a person is a suitable person to be licensed as an insurance agent under §644 GC, limited to a consideration of the qualifications specifically mentioned in said section after the colon following the word 'agent'?

(3) Even assuming, for the purpose of argument, that the construction of §644 GC adopted by the court below is correct, is his determination that the plaintiffs-appellees were suitable persons for licensing supported by the evidence?"

In the trial court, as well as in this Court, extended arguments pro and con were devoted to the question as to whether or not the hearing before the Common Pleas Court was a de novo hearing or a proceeding through which the action of the Superintendent could only be questioned on a misinterpretation of the law or an abuse of discretion.

It is recognized that the determination of this question is controlled wholly through a construction of §644 GC. It is admitted that since this amended section was enacted, effective date August, 1935, it has not been before the Courts for construction until this action.

Counsel for appellant cite many cases involving the section as it existed prior to the amendment. These cases are not determinative, for the reason that the amendment materially and substantially changes the language of the old section.

The trial court determined that under the language of amended §644 the action was before him for hearing de novo, and with this conclusion we are in accord. We have before us the written opinion of the trial court, and therein he very fully and ably analyzes the amended section. In our judgment this opinion so fully and completely answers all questions pro and con that we do not deem it necessary to make further comments, except upon one question.

Counsel for appellant argue very earnestly and at length that the word "review" contained in the section denies the theory of a de novo action. We think that a reading of the entire pertinent portion of the section answers the contention:

"Shall be subject to review by appeal to the court of common pleas of Franklin County, Ohio, provided such appeal shall be filed by any interested party within thirty days after such action by the superintendent. Said cause shall proceed as a new civil action with the right of either party to submit evidence and to prosecute error," etc.

It is quite true that the word "review" is generally understood by lawyers as meaning an error proceeding, but text writers do not always so use the term. The section saying review by appeal, in connection with the remaining portion of the pertinent language of the section, clearly denotes a new action or a hearing de novo. It is also quite true that this procedure varies radically from that providing for review of administrative bureaus generally, but this is due to a difference in the language of the pertinent sections.

Referring to outline 2, as set out in appellant's brief, we again think the trial court was correct in his construction of §644 GC relative to the qualifications specifically mentioned in said section; and again, without further comment, we adopt the opinion of the trial court.

Under outline No. 3 the question is raised as to whether or not the decision of the trial court is supported by the evidence. Concluding as we do that the trial court properly determined the question de novo, we have no difficulty in arriving at the conclusion that the finding and judgment of the court were adequately supported by the evidence. We might go farther if we had the power so to do, which is doubtful, and would determine that the judgment of the trial court should be sustained on the theory that the action of the Superintendent was an abuse of discretion.

Without further comment, we adopt the written opinion of the trial court in its entirety and affirm the judgment.

Costs are taxed against the appellant, for which judgment is entered.

Cause remanded for collection of costs and such other proceedings

as may be authorized under the law.

GEIGER, PJ., & HORNBECK, J., concur.