**MOTORS INSURANCE CORP., Appellant-Appellee, v DRESSEL, Appellee-Appellant.**

**McGRAW, Appellant-Appellee, v DRESSEL, Appellee-Appellant.**

Ohio Appeals, Second District, Franklin County.

Nos. 4019 and 4020. Decided May 21st, 1947.

J. Rothe Crabbs, Columbus, for appellee, Motors Ins. Corp.
Harry A. Hanna, Cleveland, for appellee, McGraw.
Frank S. Shaut, and Harold H. Gorman, both of Cleveland, for Amicus Curiae, Ohio Automobile Dealers Assn.
Hugh S. Jenkins, Attorney General and Ralph Klapp, Asst. Attorney General, John W. Bricker and Paul B. Gingher, all

568

of Columbus, special counsel for appellee, Walter Dressel, Supt. of Insurance.

## OPINION

By THE COURT:

The appeal on questions of law is from an order of the Common Pleas Court entered in an appeal thereto holding invalid a rule which had been approved and adopted by the Superintendent of Insurance of Ohio, to be effective on June 11, 1945.

Four errors are assigned:

(1) That the decision of December 30, 1946, is contrary to law.

(2) That the Court erred in overruling appellee-appellant's motion to dismiss the appeal.

(3) The Court erred in holding that it had jurisdiction in this appeal to declare invalid the amended rule adopted by the Superintendent of Insurance on May 29, 1945.

(4) The Court erred in holding said amended rule invalid.

The rule, as amended, provides:

"This office, as a matter of policy, will not issue Insurance Agents' **or solicitors'** licenses for new applicants falling within any of the following classifications:

(1) Officers or employees of Financial or Lending Institutions.

(2) Applicants connected with the Automobile Sales business, except for Life Insurance.

(3) Applicants who are public employees whose time is supposed to be devoted to the service of the public.

(4) Applicants who have not passed their twenty-first birthday, **except applicants who have been honorably discharged from the armed forces of the United States and who have passed their eighteenth birthday.**"

The quoted rule, supersedes a former rule of date August 7, 1943, and the changes therein are indicated by emphasis.

The first, third and fourth paragraphs of the rule are not involved on this appeal, which is to be determined upon the language of the first paragraph and the paragraph thereof numbered 2.

Judge Leach in a carefully written opinion, with which we have been favored, held the rule as it would affect the appellants, Motors Insurance Corporation and McGraw, to be unlawful because in conflict with §644 GC, and relied, in the main, upon **Automobile Insurance Agency, Inc., v Lloyd, Supt. of Insurance, 36 Abs 455,** wherein this Court affirmed the judgment of the Common Pleas Court, which opinion is reported in **36 Abs 448,** motion to certify judgment in Court of Appeals overruled by the Supreme Court, June 10, 1942. With this conclusion we agree.

It is further urged in the brief on behalf of the Superintendent of Insurance that the motions to dismiss the appeals should have been sustained because appellants are not persons adversely affected under §154-72 GC.

It appears in case No. 4019 that Motors Insurance Corporation is a fire insurance corporation, organized in the state of New York and presently licensed in the state of Ohio, to write physical damage coverages upon automobiles, and in case No. 4020 that Mr. McGraw is an automobile dealer engaged in the business of selling automobiles at Bellaire, Ohio, and filed his appeal from the order of the Superintendent of Insurance on behalf of himself and numerous other persons connected with the automobile sales business in the state of Ohio.

Judge King, who ruled on the motions to dismiss the appeals, held that upon the averments of their petitions, the appellants were adversely affected by the rule under §154-72 GC, and further, that if it were asserted that they were not so affected it could be developed factually upon the hearing of the cause. The subject matter of the motion was not again urged and the question now presented is whether or not upon the undisputed facts the appellee in this Court, Motors Insurance Corporation, and appellee, McGraw, are adversely affected by the rule. Manifestly, they are. The Superintendent could not observe the letter of the rule and accord to them or either of them the privilege assured by §644 GC. They may be "suitable persons" and qualify in all particulars as defined in said section, but prospective agents of Motors Insurance Corporation and McGraw seeking to be named an agent, would stand on an entirely different footing than other applicants for licenses. The Insurance Company has an interest not only in the appointment of its agents who would be named directly by the company, but likewise in its solicitors, even though directly

named by the agents. It is obvious that the parent Insurance Company would have concern as to the personnel of solicitors of business which it would write, though they derive their immediate responsibility from an agent of the company.

We find no valid reason why the rule now under consideration should not be challenged in its entirety by a person adversely affected. The Superintendent at the hearing restricted consideration of the amendment to paragraph 4 of the rule, and held that there was no material change in the other three paragraphs. We do not agree that there is no such change because the words "or solicitors" are new and had not appeared in any prior rule. We likewise are of opinion that the rule as it affects insurance "agents" was appropriately tested in the action of the Superintendent in proposing the new rule and in adopting it, because the language of §154-64 GC, "No rule shall be amended after the effective date of this act except by a new rule which shall contain the entire rule as amended, and shall repeal the rule amended." The rule here under consideration when adopted became a new rule as of that date and could be tested in all particulars as though none of its subject matter had been incorporated in a former rule.

We have not considered other propositions convincingly presented and discussed at length in briefs of appellees and amicus curiae, which question the power of the appellant Superintendent of Insurance to promulgate any rules whatever, urge that the rule is in violation of the state and federal constitutions, and assert that it is discriminatory against applicants for first licenses thereunder.

We are satisfied that the rule is unreasonable and invalid because its effect is to deny the appellees in this Court the benefit of the controling statute, §644 GC, and is in contravention of §154-64 (2) (d) GC. Sec. 644 GC, defines the requisite qualifications for licensees as agents of insurance companies which may not be qualified by any rule. **State, ex rel. Foster v Evatt, 144 Oh St 65; State, ex rel. Kildow v Industrial Commission, 128 Oh St 573; Matz, Admr., v Curtis Cartage Co., 132 Oh St 271.**

The judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.