### CODY et, Plaintiffs-Appellees, v. MILLER, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2137. Decided March 9, 1951.

R. J. Stoecklein, Dayton, for plaintiffs-appellees.
Clifford R. Curtner, Dayton, for defendant-appellant.

## OPINION

**By THE COURT:**

Submitted on motion of plaintiffs-appellees to dismiss the appeal on the ground that the order appealed from is not a final order. The appeal is from an order vacating a judgment entered on a directed verdict in favor of the defendant and granting a new trial.

This action was commenced on June 25, 1947. The Supreme Court of Ohio has just recently held, in **Klever v. Express, Inc., 154 Oh St 491,** that:

"An order by a Court of Common Pleas granting a motion for a new trial in an action commenced prior to the effective date of the amendment to **Section 6, Article IV of the Constitution of Ohio,** in 1945 and prior to the amendment in 1947 of §12223-2 GC (122 **Ohio Laws, 754**), does not constitute a judgment or final order reviewable by the Court of Appeals, unless it clearly appears that the court in making such order abused its discretion. (**Hoffman v. Knollman, 135 Oh St, 170,** approved and followed.)

"The term, 'abuse of discretion,' as it relates to an order

granting a motion for a new trial, connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary·or unconscionable attitude on the part of the court in granting such motion. (Paragraph two of the syllabus·in · the case of **Steiner v. Custer, 137 Oh St, 448,** approved and followed.)"

In the instant case there is no claim made by counsel for the appellant in his assignments of error and brief that the trial court abused its discretion in sustaining the motion for new trial. The claim is made that the trial court committed an error of law.

In the Klever case the action was commenced in 1942 prior to the amendment of **Section 6, Article IV of the Constitution of Ohio,** effective January 1, 1945 and prior to the amendment of §12223-2 GC, effective September 30, 1947. In the instant case the action was commenced on June 25, 1947, after the effective date of the amendment to **Section 6, Article IV, of the Constitution,** but prior to the amendment of §12223-2 GC. However, the court in the Klever case held that the amendment of **Section 6, Article IV of the Constitution** did not operate to validate and revitalize **§12223-2 GC,** as it then existed for the reason that the court had held in the case of Hoffman v. Knollman that the provision in that section, making an order granting a motion for new trial a final order, was unconstitutional. Inasmuch as the principle of law laid down in Hoffman v. Knollman applied to actions instituted prior to the effective date of the last amendment to §12223-2 GC, the order of the Common Pleas Court in the instant case granting the motion for new trial was not a final order from which an appeal could be taken to this Court unless it clearly appeared that the trial court abused its discretion.

Motion to dismiss the appeal will be sustained and cause remanded.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 2137. Decided March 22, 1951.

By THE COURT:
Submitted on application of defendant-appellant for a rehearing on the motion to dismiss the appeal.

The Court erroneously applied the principle of law laid down in **Klever v. Express, Inc., 154 Oh St 491**. In the instant case in the trial court the judgment was entered on a directed verdict in favor of the defendant, which was afterwards vacated and a new trial granted. The principle of law laid down in **Durbin v. Humphrey Co., 133 Oh St 367, 14 N. E. (2d) 5**, is applicable.

The first paragraph of the opinion, on page 368, is as follows:

"The sustaining of appellee's motion for a new trial, after setting aside a judgment rendered in favor of appellant upon its motion for a directed verdict, took away appellant's right to have final judgment entered in its favor, and is a final order from which appeal may be prosecuted. **Jacob Laub Baking Co. v. Middleton, 118 Oh St, 106, 160 N. E., 629; Hocking Valley Mining Co. v. Hunter, 130 Oh St, 333, 199 N. E., 184; Michigan-Ohio-Indiana Coal Assn. v. Nigh, 131 Oh St, 405, 3 N. E. (2d), 355; Murphy v. Pittsburgh Plate Glass Co., 132 Oh St, 68, 4 N. E. (2d), 983.**"

The application for rehearing is hereby granted and the motion to dismiss the appeal is hereby overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

### APPEAL ON QUESTIONS OF LAW

No. 2137.   Decided April 19, 1951.

Per CURIAM.

The petition alleges a contract of bailment of household goods delivered by the plaintiffs to the defendant for storage and safekeeping at a specified monthly rate; that such goods were to be returned to the plaintiffs upon demand; that plaintiffs made a demand on the defendant for redelivery of the goods and tendered the storage charges; and that defendant failed to comply, all to plaintiffs' damage in the sum of three thousand dollars.

The answer admitted that plaintiffs stored certain household goods with the defendant and that the defendant was unable to return the goods because they were destroyed by fire of an unknown origin. Defendant pleads a special contract limiting liability and a general denial. The reply denied affirmative allegations in the answer.

It is claimed the trial court erred, first, in holding that a

warehouseman, in the absence of an agreement to the contrary, is an absolute insurer of the goods bailed; second, in placing the burden of proof upon the defendant to dispel a prima facie case when, in fact, plaintiffs failed to prove negligence, the plaintiffs having elected to prove negligence rather than to depend on a prima facie case.

All errors are discussed and treated under one heading.

Under §8477 GC, a warehouseman is not an absolute insurer: he is liable "for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise." Vol. 40 O. Jur. 1305, 1306; Vol. 56 Am. Jur. 387, 388. The record does not support appellant's contention that the trial court held that a warehouseman is an absolute insurer.

Under §8464 GC, when the plaintiffs established ownership of the goods, delivery for hire to the warehouseman and failure to redeliver to the plaintiffs on demand, a prima facie case was made out. The burden was on the plaintiffs to prove these facts. The proof of these facts then cast the burden upon the defendant to explain the loss. It is conceded that the plaintiffs established a prima facie case except demand. Plaintiffs claim there is sufficient evidence to warrant a conclusion that a demand for redelivery was made. The defendant contends that no formal demand was made. The evidence shows that plaintiffs' goods, together with other goods, in storage, were totally destroyed by fire. One of the plaintiffs, upon learning of the fire, went to the defendant's place of business and inquired for his furniture. The defendant told the plaintiff that it had been destroyed in the fire. Thereupon plaintiff paid the defendant the charges. The law does not require the doing of a vain and useless thing. **Agricultural Insurance Co. v. Constantine,** 144 Oh St 275, 288, 58 N. E. (2d) 658. Under the circumstances a formal demand to deliver the furniture was not necessary. Vol. 9 O. Jur. page 495, Section 258; Vol. 67 C. J. page 530, Section 158. See also Buffalo Grain Co. v. Sowerby, 195 N. Y. 355, 88 N. E. 569. A prima facie case was thus established by the plaintiffs.

The plaintiffs presented evidence in an attempt to prove that defendant did not use due care. The plaintiffs, as a part of their case in chief, called two inspectors of the Fire Department who testified that the cause of the fire was unknown; that the Department had made certain recommendations to the defendant, prior to the fire, with which defendant had not complied; that they could not state that the fire was due to the negligence of the defendant or to his failure to

comply with their recommendations; and that defendant operated his warehouse in a manner similar to other warehouses.

Is the plaintiff denied the right to go to the jury on the ground that this evidence was presented in the plaintiffs' case? The defendant introduced no testimony. It is claimed by the defendant that the plaintiff lost the benefit of a prima facie case by presenting evidence that the furniture was destroyed by fire and in an attempt to show that the defendant did not safely keep the goods. The defendant contends that by attempting to prove more than a prima facie case, the effect was to place the burden on the plaintiffs to prove negligence and if the evidence did not establish the negligence of the defendant that the plaintiffs had failed in their proof. The defendant relies chiefly on the case of **Blackburn v. Norris, 46 Oh Ap 469,** 189 N. E. 262, and **Syndicate Parking, Inc. v. General Exchange Insurance Corp., 17 Abs 596.** Support is found in these two cases for defendant's contention. However, plaintiffs contend that the law announced in these two cases has been overruled in the later case of **Agricultural Insurance Co. v. Constantine, 40 Abs 569,** 56 N. E. (2d) 687, which was certified to the Supreme Court on the ground that it was in conflict with the judgment pronounced in Blackburn v. Norris. The Supreme Court, in **144 Oh St 275,** affirmed the judgment of the Court of Appeals in the Constantine case. The plaintiffs also cite **Hanlon v. J. E. Miller Transfer & Storage Co., 149 Oh St, 387,** 79 N. E. (2d), 220. It is the contention of the plaintiffs that, under the doctrine of the Constantine and Hanlon cases the burden, under the facts in this case, was on the defendant to prove by a preponderance of the evidence that the loss was not due to the defendant's failure to exercise due care.

In the Constantine case our Supreme Court, on page 285, held:

"The authorities are uniform in holding that proof of those facts makes out a **prima facie** case of liability whether the action be based upon breach of contract or upon negligence, and that the defendant must explain the loss of the bailed property."

On page 286 the Court finally stated the rule as follows:

"The rule supported by the weight of authority may be stated thus: A bailee may ordinarily rebut the presumption of negligence or lack of due care by proof of loss arising from theft or fire. Where, however, the bailee proves loss of the bailed article by theft but attempts no explanation of the circumstances and offers no proof of facts from which an inference of due care may be drawn, he does not rebut

the presumption of negligence arising from his failure to return the bailed property. See Brown on Personal Property, 330, Section 87; 8 Corpus Juris Secundum, 348, Section 50; 6 American Jurisprudence, 452, Section 372, and cases cited."

The Constantine case was not an action brought under §8464 GC. However, it did lay down the general rule in Ohio applicable to bailments. In the Hanlon case the syllabus is as follows:

"Under the provisions of §8464 GC, when a warehouseman refuses or fails to redeliver goods in compliance with a proper demand by the holder or depositor, the burden is on such warehouseman to prove the existence of a lawful excuse for such refusal or failure.

"The proof of such affirmative defense must be by a preponderance of the evidence.

"In an action ex contractu under favor of this statute, the burden remains on the plaintiff bailor to prove a breach of the contract on the part of the defendant bailee by refusing or failing to redeliver the goods after a proper demand therefor."

In the Hanlon case the trial judge instructed the jury that "The burden is upon the defendant to prove the existence of a lawful excuse for its failure to redeliver said goods upon demand, by a preponderance of all the evidence." The Supreme Court, in commenting on this instruction, stated that it was given in almost exact language of §8464 GC, and that the trial judge was not in error in so instructing the jury.

In that case the court quotes at length from Vol. 6 Am. Jur. page 447, Section 369; Vol. 8 C. J. S. page 342, Section 50, and also **Vol. 40 O. Jur. page 1315, Section 80,** which latter holds:

"The statutory rule of §8464 GC, removes all doubt from the question of the burden of proving the existence of a lawful excuse for nondelivery and places the burden squarely upon the warehouseman to establish, by a preponderance of the evidence, a lawful excuse for nondelivery."

See, also, Brenton v. Sloan's United Storage & Van Co., 315 Ill. App. 278, 42 N. E. (2d), 945, and Benning Warehouse Co. v. Widener (U. S. C. A.), 172 F. (2d), 910.

This Court is of the opinion that in the instant case the plaintiffs were not deprived of the benefit of their prima facie case by the introduction of additional evidence on the question of whether the defendant exercised due care. The cause of action was in contract and not in tort. The introduction of this additional evidence did not change the cause of action from one in contract to one in tort. The plaintiffs having established a prima facie case, the burden was then

on the defendant to prove by a preponderance of the evidence that he had used due care.

Finding no error in the record prejudicial to the rights of the defendant, judgment is affirmed.

Judgment affirmed.

HORNBECK, PJ, WISEMAN and MILLER, J, concur.

## APPLICATION FOR REHEARING DENIED

No. 2137. Decided May 10, 1951.

By THE COURT.

The application for rehearing raises no new question and is hereby denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## ON MOTION TO CERTIFY

No. 2137. Decided June 6, 1951.

By THE COURT:

Submitted on motion of defendant-appellant to certify the case to the Supreme Court on the ground that the judgment of this Court is in conflict with the judgment in **Agricultural Insurance Co. v. Constantine, 40 Abs 569, Blackburn v. Norris, 46 Oh Ap 469**, and **Syndicate Parking, Inc. v. General Exchange Insurance Corp., 17 Abs 596.**

The Constantine case was certified to the Supreme Court on the ground that it was in conflict with the judgment in Blackburn v. Norris. We commented on the Supreme Court opinion in the Constantine case and also the Blackburn v. Norris and Syndicate Parking, Inc. v. General Exchange Insurance Corp. in our original opinion. In our original opinion we followed the principle of law laid down by the Supreme Court in **Agricultural Insurance Co. v. Constantine, 144 Oh St 275**, and more particularly **Hanlon v. Storage Co., 149 Oh St 387**, which construed §8464 GC, which controlled in this case. Sec. 8464 GC was not involved in the cases cited in the motion.

Motion to certify is hereby overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.