AETNA CASUALTY & SURETY CO., APPELLEE, *v.* WOODY SANDER FORD, INC., APPELLANT.

(No. 10756—Decided April 14, 1969.)

*Mr. Norris L. Ganson*, for appellee.

*Messrs. Tyler, Kane & Rubin*, and *Mr. Harold G. Korbee*, for appellant.

Hess, J.  This is an appeal from the Hamilton County Municipal Court on a judgment obtained on behalf of the Aetna Casualty & Surety Company, plaintiff, appellee herein, in the sum of $4,300 against the Woody Sander Ford, Inc., defendant, appellant herein.  The parties will be referred to herein as they appeared in the Municipal Court.

In its petition filed on August 30, 1968, the plaintiff, a corporation engaged in the general casualty, fire and theft insurance business, alleges that the defendant, a corporation, is engaged in the sale and repair of automobiles; that on February 9, 1968, the Budig Trucking Company was the owner of a 1967 Ford Thunderbird passenger automobile which it delivered to the defendant for repairs "for a valuable consideration in money"; that the Budig Trucking Company, hereinafter referred to as owner, requested the defendant to return its automobile when the repairs were completed; that the defendant failed and refused to redeliver such automobile to the owner "for the reason that said automobile had been stolen by some person unknown to the plaintiff" from the premises of the defendant; that the owner's automobile had a fair market value of four thousand dollars at the time it was stolen; and that the plaintiff was "obligated to provide transportation for its insured (owner) in the event that the insured automobile was stolen and that, pursuant to its policy of insurance, it paid the sum of three hundred dollars therefor."

The defendant filed a motion to strike from the petition the allegation that there was due the plaintiff the sum of three hundred dollars for transportation while the owner's car was in possession of the defendant.  This motion was overruled.

The answer of the defendant admits its corporate capacity and business; that the owner's automobile was on the premises of the defendant from which it was stolen by some person unknown to the plaintiff, the defendant or the owner; and then denies "that it breached any of the terms of any alleged contract of bailment or that there was any negligence on behalf of the defendant."

The case went to trial without a jury.

The testimony establishes the facts set out in the petition in so far as they pertain to the ownership of the automobile, the insurance coverage by the plaintiff, the delivery of the automobile to the defendant for repairs, the theft of the automobile, payment of $4,300 by the plaintiff to the owner, and that the plaintiff was subrogated to the right of the owner by virtue of the theft feature of the insurance policy issued by the plaintiff to the owner.

The testimony further establishes the following additional facts: that no specific time was set within which repairs to the owner's automobile were to have been made; that after considerable delay due to a strike at the Ford Motor Company plant the automobile was repaired; that the owner was notified the repairs were completed; that an automobile owned by the defendant was loaned or delivered to the owner without charge by the defendant while his automobile was being repaired; that about the time the owner's automobile was repaired there was conversation between the owner and the defendant relative to whether the owner would take delivery of his repaired automobile or buy a new automobile from the defendant and apply his repaired automobile on the purchase price of a new automobile; and that while this negotiation was pending the owner's automobile was stolen. During these negotiations the owner's car remained in possession of the defendant.

The evidence further proves the following uncontradicted facts relative to the care the defendant gave the owner's automobile while it was in defendant's possession: that after repairs were made the defendant placed the automobile on its lot immediately adjacent to its office where the defendant kept about two hundred of its automobiles;

that defendant's car lot had a fence around the outside of the lot, but there was no fence where the lot abutted on Mitchell Avenue; that on the night the owner's automobile was stolen it was used as a "blocker" and "parked crosswise" across a driveway into the defendant's lot; that it was parked in a well lighted area about fifty feet from a building in which the watchman and cleanup man employed by the defendant worked; that the cleanup man also acted as watchman and spent about one-fifth of his time walking about and observing all cars in the lot; that the keys had been removed from the owner's automobile and were locked up by defendant in its office before the theft; that the care given the automobile was in keeping with care given to the defendant's automobiles and commensurate with that of other automobile dealers in the same community who operate open lot storage and sales business.

There can be no doubt that a bailment for mutual benefit was created when the owner delivered its automobile to the defendant, and that relationship continued until the automobile was stolen. The general and accepted rule is that the bailee (defendant) must exercise ordinary care in safeguarding the bailed property. Ordinary care in this respect is that degree of care which ordinary prudent men, as a class, would exercise in caring for their own property under like circumstances. *Hotel Statler Co.* v. *Safier*, 103 Ohio St. 638; *Palace Hotel Co.* v. *Medart*, 87 Ohio St. 130; *O'Dell* v. *Leyda*, 46 Ohio St. 244; *Pennsylvania Co.* v. *Miller*, 35 Ohio St. 541; *Toledo & Ohio Central Rd. Co.* v. *Bowler & Burdick Co.*, 63 Ohio St. 274.

An inference of negligence on the part of the bailee may be drawn from proof by the bailor that the bailed property was not returned to the bailor, whether the action is based on breach of contract or upon negligence. Special contractual obligations are not involved in this case. *Johnson* v. *Steinhauer*, 81 Ohio App. 202; *Syndicate Parking, Inc.*, v. *General Exchange Ins. Co.*, 17 Ohio Law Abs. 596.

In the instant case, the record discloses the plaintiff

offered evidence to indicate the defendant was unable to produce the owner's automobile after the repairs were made. When the automobile was stolen and the defendant was unable to deliver it to the owner or keep it as part payment on the purchase of a new automobile by the defendant, the owner established a prima facie case against the defendant. The establishment of a prima facie case does not shift the burden of proof but, rather, shifts the burden of going forward with the evidence to the bailee and he must present sufficient evidence to at least counterbalance the inference of negligence arising from his failure to redeliver the bailed article. *Agricultural Ins. Co.* v. *Constantine*, 144 Ohio St. 275.

In the instant case, the bailor presented a prima facie case and the defendant went forward and presented unrebutted evidence that the owner's automobile was stolen; that, while it was in the possession of the bailee-defendant, it received the same or more preferred attention on the night it was stolen than the defendant's automobiles; and that it received the care and protection commensurate with that given by other automobile repairmen in the same community. When the defendant presented this evidence, the inference of negligence presented by the owner was removed and more than counterbalanced, and the bailor-owner failed to sustain the burden of proof. *Farm Bureau Mutual Automobile Ins. Co.* v. *Alms & Doepke Co.*, 75 Ohio App. 88; *Brown* v. *Bray*, 16 C. C. (N. S.) 165, 31 C. D. 468, affirmed 83 Ohio St. 462; *Agricultural Ins. Co.* v. *Constantine, supra*.

The plaintiff having failed to prove either a breach of contract or negligence, it follows that the plaintiff is not entitled to recover for transportation expenses while the owner's automobile was in the possession of the defendant or for the loss of the automobile stolen.

The judgment of the Municipal Court is reversed and final judgment is rendered for the defendant.

*Judgment reversed.*

SHANNON, P. J., and HILDEBRANT, J., concur.