HERSHEY, APPELLEE, *v.* HAPPY DAYS BOATING COMPANY, APPELLANT; REINELL BOATS, INC., APPELLEE.

(No. S-76-6—Decided November 26, 1976.)

*Mr. A. L. Hyzer,* for appellant.
*Mr. Alfred J. Cooper,* for appellee Willard V. Hershey.
*Mr. John D. Starn,* for appellee Reinell Boats, Inc.

WILEY, J. The plaintiff filed a complaint against Happy Days Boating Co. and Reinell Boats, Inc., to recover monetary damages for his boat destroyed by a fire. Defend-

ant Reinell Boats, Inc., was dismissed as a party. The motion of Happy Days Boating for a directed verdict was overruled. The verdict of the jury was for the plaintiff. A motion for a judgment notwithstanding the verdict, and in the alternative for a new trial in behalf of Happy Days Boating Co., was denied. From that judgment, defendant Happy Days Boating Co. appeals.

The boat involved herein was a third boat purchased by the plaintiff from the defendant-appellant. David Gotton, the president of the Happy Days Boating Co., knew the plaintiff in that the plaintiff's son worked for the Happy Days Boating Co. for a period of six years. The boat, manufactured by Reinell Boats, Inc., was purchased June 17, 1971. In October 1971, the plaintiff returned the boat to the defendant-appellant due to a slow seepage in the stern drive, a problem covered by the manufacturer's warranty. Under such warranty, some work was done at the Happy Days Boating Co. facilities; however, additional problems required that the boat be returned to the factory in the state of Missouri. Without having any conversation with plaintiff, Mr. Gotton determined to return the boat to the factory in Missouri. No charge was made for so doing. Mr. Gotton stated that the plaintiff's son worked with them and he wanted to maintain good relations with this employee and wanted to maintain the good will of a good customer.

The evidence further indicates that in the year 1971, the defendant-appellant had sold seventy Reinell boats and in the year of trial, 1974, had sold approximately 200 Reinell boats. The manufacturer's warranty under which the defendant-appellant had returned the boat of the plaintiff to the factory read, in part, as follows: "Such arrangements should be made through the Reinell dealer."

After the boat was returned, the manufacturer, Reinell Boats, Inc., repaired the boat and, in March 1972, the defendant-appellant, on one of his weekly trips to the factory, took possession of the boat for its return trip to Ohio. During the return transportation of the boat, it was destroyed by a fire of unknown origin.

Assignment of error No. 1 states:

"Error in failing to direct a verdict in favor of the defendant, Happy Days Boating Company, at the close of plaintiff's case on the ground that the plaintiff had failed to prove negligence on the part of the defendant as alleged in plaintiff's Amended Complaint."

The parties stipulated, in part: "* * * defendants were bailees of the plaintiff.* * *"

Civ. R. 15(B) states, in pertinent part:

"Amendments to conform to the evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

The cause proceeded to trial on the theory of bailment. Paragraph two of the syllabus of *Agricultural Ins. Co.* v. *Constantine* (1944), 144 Ohio St. 275, states as follows:

"Where a bailor delivers property to a bailee and such bailee fails to redeliver the bailed property upon legal demand therefor, a cause of action, either *ex contractu* or *ex delicto*, accrues in favor of the bailor."

In the case at bar, the bailor's complaint states a cause of action in contract for a breach of the bailee's duty to return the bailed property undamaged, even though it is alleged in the complaint that the boat was completely destroyed by fire through the negligence of the bailee. The answer of the defendant-appellant admitted that the plaintiff was the owner of the boat and that the same was destroyed by fire while being transported by the defendant-appellant. The answer specifically denied that defendant was negligent. Under these circumstances, we find that in order to establish a *prima facie* case, the bailor need prove only (1) the contract of bailment (2) the delivery of the bailed property to the bailee and (3) the failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment. In effect, the bailee herein asserts a lack of negligence as an affirmative defense. The burden of at least going forward with the evidence shifts to the bailee to explain his failure to redeliver. *David* v. *Lose* (1966), 7 Ohio St. 2d 97; cf. *Aetna Cas. & Sur. Co.* v. *Woody*

*Sander Ford* (1969), 21 Ohio App. 2d 62; *Maloney* v. *General Tire Sales* (1973), 34 Ohio App. 2d 177. The trial court properly denied the defendant-appellant's motion for a directed verdict at the close of plaintiff's case, and assignment of error No. 1 is not well taken.

Assignments of error Nos. 2 and 3 read:

"(2) Error in the court's charge that if the jury found that this was a gratuitous bailment that the plaintiff only had to prove that the defendant did not use ordinary care. That the court should have charged that the defendant could only be liable for losses caused by its gross negligence.

"(3) Error in the court's charge by including a charge on mutual bailment when from all the evidence it is obvious that this was a gratuitous bailment."

The defendant-appellant failed to make any objections to any part of the jury instructions before the jury retired. Civ. R. 51(A) reads, in part, as follows:

"A party may not assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection." *Cf. State* v. *Gordon* (1971), 28 Ohio St. 2d 45.

Further, the principle of law asserted by the defendant-appellant in assignment of error No. 2 is not correct As to the assertion that the court should have charged that the defendant could only be liable for a loss caused by gross negligence, the standard of care required of a gratuitous bailee has not been clearly defined in Ohio. There are Ohio cases that state a gratuitous bailee is liable for only gross negligence. *Bank* v. *Zent* (1883), 39 Ohio St. 105, 108; *Griffith* v. *Zipperwick* (1876), 28 Ohio St. 388. However, in *Zent*, even though the court indicated that it is usually stated that a bailee who is to receive no reward is liable only for gross negligence, the court went on to say, "* * * [b]ut that rule cannot be applied to all cases of bailment without reward; for when securities are deposited with persons accustomed to receive such deposits, they are liable for any loss occurring through the want of that care which good

businessmen would exercise in regard to property of such value. * * *" Furthermore, in *Zipperwick*, even though stating in the first paragraph of the syllabus that, "* * * the law holds such a bailee liable only for losses arising from his *gross negligence*," the court went on to say in the third paragraph of the syllabus:

"Good faith requires, generally, that such a bailee should keep the goods entrusted to him, with as much care as he ordinarily keeps his own, of the same kind. And he should also keep them with such degree of care as is reasonable, with reference to the nature of the goods, and the particular circumstances of the bailment."

In *Zipperwick*, also, Judge Ashburn wrote a dissenting opinion in which he indicated, at page 416, that the conduct of the gratuitous bailees was such that they were "guilty of gross negligence, and the jury should have been so charged." It is therefore noted that even in these early cases the court had difficulty with the term "gross negligence," and, as indicated by the court in *Bank* v. *Zent, supra*, the rule "cannot be applied to all cases of bailment without reward."

The modern and the more reasonable standard of care for a gratuitous bailee is to exercise such care as he is accustomed to exercise in his own concerns, with proper regard to the nature, value, the quality of the subject of the bailment, and all the attending circumstances, including the customary course of dealing between the parties. 8 American Jurisprudence 2d 1090, 1107, Bailments, Section 204, 216, and, also, Sections 122, 123, 209, 210 and 215; 2 O. J. I., Section 229.19; *Cf. Aetna Cas. & Sur. Co.* v. *Woody Sander Ford, supra, Bank* v. *Zent, supra.*

Consequently, we conclude that when the Happy Days Boating Co. received the appellee's boat pursuant to the manufacturer's warranty, it became liable for any loss thereof occurring due to a want of that degree of care which good businessmen would exercise in keeping property of another.

The defendant-appellant cites *White* v. *Burke* (1948), 31 Wash. 2d 573, 197 P. 2d 1008, and *Bissell* v. *Harris & Co.*

(1901), 95 N. W. 779, in support of its argument that the case *sub judice* is a gratuitous bailment situation. We find these cases distinguishable on the facts. In addition, in *White* v. *Burke, supra,* at 583, 197 P. 2d at 1014, the court stated:

"It will thus be seen that the issue as to whether the transaction in question was a gratuitous bailment, or a bailment for mutual benefit, was a question of fact to be submitted to the jury under proper instructions. We cannot say as a matter of law that this was merely a gratuitous bailment. There was sufficient testimony to submit this issue to the jury."

Likewise, in the case *sub judice*, there was sufficient evidence on the issue of mutual bailment for a submission of the issue to the jury. There was no error in the trial court's jury charge. Under the facts of the case at bar, the jury could properly find a mutual bailment relationship between the parties. Further, the defendant-appellant did not timely object to the given charge. Civ. R. 51. Even if the objection had been timely, it was not specific enough to formulate a request for a charge on gross negligence.*

Therefore, assignments of error Nos. 2 and 3 are not well taken.

Assignment of error No. 4 states :

"That the verdict and judgment is not sustained by the weight of the evidence and is contrary to law."

There is ample evidence to sustain the jury's verdict. The defendant-appellant's employee admitted that he did not check the boat's gasoline supply, the battery terminals, or ignition switch. A reviewing court will not reverse a judgment for the reason that it is against the manifest weight of the evidence unless, on the whole of the record, it clearly appears that such judgment is unsupported by the evidence and against the manifest weight of the evidence. 3 Ohio Jurisprudence 2d 809, Appellate Review,

---

*The exact language of the objection is:

"Mr. Hyzer: The Defendant objects to the charge on the mutual benefit bailment and objects to the charge on proof of negligence."

Section 819. *Agricultural Ins. Co.* v. *Constantine* (1944), 144 Ohio St. 275; *Aetna Cas. & Sur. Co.* v. *Woody Sander Ford, supra.* Therefore, assignment of error No. 4 is not well taken.

Assignment of error No. 5 reads as follows:

"The court erred in its charge on the interrogatory submitted by defendant, and in failing to grant a new trial on the basis of the answer of the jury to the interrogatory."

As to this assignment of error, the defendant-appellant failed to make an objection to this charge; consequently, he may not assign as error the giving of the charge. As to that portion of the assignment referring to the answer of the jury to the interrogatory, we find that the jury's answer was not inconsistent with the general verdict. Nor did the answer of the jury to the interrogatory indicate any confusion on the part of the jury. On the contrary, the jury did follow the charge of the trial court in that they entered "unknown" on the interrogatory regarding the origin of the fire. The defendant-appellant had a duty to explain its failure to redeliver the boat to the plaintiff. The jury, under the evidence, could have determined that the defendant-appellant did not negate its employee's negligence; consequently, the answer "unknown" to the interrogatory is entirely consistent with the general verdict, 2 O. J. I., *supra.* Therefore, assignment of error No. 5 is not well taken.

Assignment of error No. 6 contends:

"Error in overruling defendant's Motion to dismiss plaintiff's Amended Complaint."

The procedural errors referred to in assignment of error No. 6 arose from the following fact situation:

On July 9, 1973, plaintiff filed a motion to amend the complaint. This motion was granted, and on the same date, July 9, 1973, plaintiff filed an amended complaint. Plaintiff failed to notify attorneys of record of the filing of this amended complaint as required by Civ. R. 5(B). The motion to dismiss for failure to comply was filed August 3, 1973.

On August 20, 1973, there was a certification of mailing filed indicating that a copy of the amended complaint was mailed to the attorneys of record for the Happy Days Boating Co., defendant-appellant.

On October 10, 1973, codefendant Reinell Boats, Inc., filed a separate answer to the amended complaint.

A trial date was scheduled, although the transcript filed in this court does not indicate on what date the trial court made an entry setting the cause for trial at a future date. The date for trial was November 21, 1974. The trial court filed a judgment entry on the motion to dismiss, indicating that it had been heard November 20, 1974, and had been overruled.

On November 20, 1974, the same date the court overruled the motion to dismiss, the defendant-appellant filed its answer to the amended complaint.

There was no indication of a request for a continuance on behalf of defendant-appellant nor was there any indication that the action of the court on the motion to dismiss had taken the defendant-appellant by surprise.

The action of the court was not inconsistent with substantial justice and did not prejudicially harm the defendant-appellant. Civ. R. 61. Therefore, assignment of error No. 6 is not well taken.

Assignment of error No. 7 states:

"The court erred in overruling defendant's motion to set aside the verdict and to enter judgment in favor of the defendant or in the alternative to grant the defendant a new trial."

In light of the reasons stated for the disposition of assignments of error Nos. 1 through 6, inclusive, assignment of error No. 7 is not well taken.

*Judgment affirmed.*

BROWN, P. J., and POTTER, J., concur.