KAYANDA *v.* KAMENIR ET AL.

(No. 83 CVF 11576—Decided
June 4, 1984.)

Akron Municipal Court

*Mr. Douglas B. Maher,* for plaintiff.
*Mr. Irving A. Portman,* for defendant.

SCHNEIDERMAN, J. The plaintiff, Peter Kayanda, filed a complaint against Bernard Kamenir, Nahmi Realty Company and Charles D. Bowman, claiming $6,500 for loss of personal property. At the trial, Kayanda orally amended his claim by reducing his prayer to $3,500, and on that date voluntarily dismissed Bowman.

Defendants, Kamenir and Nahmi Realty, denied any amount was due, and Kamenir filed a counterclaim, claiming unpaid rent in the sum of $3,110.

At all times pertinent herein Kamenir was the owner, or a co-owner with full authority to act for the other owner, of the apartment building located at 509-511 Crosby Street and known as Rosaline Apts. In July 1973, Kayanda rented Apartment 208 from Kamenir and continued in possession until December 5, 1981.

On November 20, 1981, the basement at Rosaline Apts. flooded, and the heating boiler quit functioning. The next

day it was found that heat could not be restored, pipes were freezing and bursting, and some ceilings had fallen. Kamenir decided that all the tenants would have to vacate and the building be closed, and he orally notified Kayanda that there were "emergency problems in the building and he would have to find another place to live." An attempt was made to similarly notify all of the tenants.

Kamenir closed the building on December 5, 1981. Plywood was placed over all of the lower windows and balconies, the back door was locked and nailed shut, and the front door closed with a chain and a lock. The same day, a sign was posted in front of the building stating in part that "all personal items remaining in this building after December 31, 1981 will be considered abandoned * * *." The sign had a telephone number for inquiries. No other written notice was made, and the only attempt to contact Kayanda was the conversation on November 21.

Each tenant had normal access until December 5, 1981. When the building was closed, Kayanda had furniture, clothing and other personal property in his apartment. Kayanda went to Legal Aid for assistance in recovering his property, and an arrangement was made for Kayanda to remove his property, but Kamenir's agent failed to keep that appointment. In February 1982, a second appointment was made, the building was opened for Kayanda, he found the apartment unlocked, the interior a mess, and many items missing, Kayanda removed the property that was in the apartment. Kayanda claims that the missing property was worth $3,349; however, the fair market value of that property was $2,100.

Kayanda failed to pay rent as agreed, and the total rent arrearage is $3,110, less a credit of $45 on November rent when the premises were not habitable.

There was no evidence to support Kayanda's claim against Nahmi Realty Co., and therefore the complaint as against that defendant should be dismissed with prejudice.

As between Kayanda and Kamenir, the initial inquiry must be to determine the legal rules which govern the respective rights, duties and liabilities. The parties had a landlord-tenant relationship, but after Kamenir closed the building with Kayanda's personal property inside, the relationship as to that property was that of a bailee-bailor.

A bailment can be any delivery of personal property in trust for a lawful purpose, and it can be created without the assent of both parties, when as here, the custody is taken of property which is left by the bailor. 8 Ohio Jurisprudence 3d (1978) 401-402, Bailments, Section 2. The taking of possession by Kamenir satisfies all of the essential elements: (1) delivery of personal property to bailee; (2) acceptance by bailee; and (3) intended return to bailor.

It is fundamental that the bailee is bound to the carrying out of the purpose of the bailment and is liable to the bailor for loss of the bailed property. This is one of the most important rights of the bailor, and the duty to redeliver is not based on negligence and is excused only if there has been a loss without fault or want of care on the bailee's part. 8 Ohio Jurisprudence 3d, *supra,* at 438-440, Section 45.

Kayanda's right of recovery is in contract, and the failure to redeliver all the bailed property is a breach of the bailment contract. The burden of proof is upon Kayanda, the bailor, to prove that Kamenir, the bailee, was guilty of negligence or want of due care. However, once a prima facie case of liability has been established, the burden of proceeding with the evidence shifts to the bailee to explain his failure to deliver. *Agricultural Ins. Co.* v. *Constantine* (1944), 144 Ohio St. 275 [29 O.O. 407];

*David* v. *Lose* (1966), 7 Ohio St. 2d 97 [36 O.O.2d 81]; *Aetna Cas. & Sur. Co.* v. *Woody Sander Ford* (1969), 21 Ohio App. 2d 62; 8 Ohio Jurisprudence 3d, *supra,* 450-452, Section 56. See, also, 58 A.L.R. 2d (1958) 1289, at 1301. One of the reasons for this rule is that the bailee's failure to return the property constitutes some evidence of negligence, and the burden should be on the bailee to explain the nonreturn of the property. *Agricultural Ins. Co.* v. *Constantine, supra.*

The rule in Ohio for establishing a prima facie case for the nonreturn of bailed property is set forth in the first paragraph of the syllabus in *David* v. *Lose, supra:*

"In order to establish a prima facie case against a bailee in an action sounding in contract, a bailor need prove only (1) the contract of bailment, (2) delivery of the bailed property to the bailee and (3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment."

This proposition was approved and followed in *Loewenstine* v. *Delta Airlines, Inc.* (1982), 7 Ohio App. 3d 185; *Maloney* v. *General Tire Sales, Inc.* (1973), 34 Ohio App. 2d 177 [63 O.O.2d 289]; *Edwards* v. *Crestmont Cadillac* (1979), 64 Ohio Misc. 1 [18 O.O.3d 63].

None of the above-cited decisions evolved from a landlord-tenant relationship, nor has this court found an Ohio case; however, these rights, duties and obligations equally apply when a landlord takes possession of a tenant's personal property.

Kayanda proved all three requirements for a prima facie case and thus the burden shifted to Kamenir. The evidence demonstrated that Kamenir had taken reasonable precautions to secure the building when it was closed but offered no explanation as to the loss. In fact, there was no evidence to how or when the loss occurred, and this court is left to speculate on that matter. The loss could have occurred for a reason entirely unrelated to the steps taken by Kamenir in closing the building. Kamenir failed to explain the loss and his inability to redeliver the property, and the inference of negligence and lack of due care created by Kayanda's showing a prima facie case was not overcome by Kamenir.

Kamenir should find no protection from the posted sign saying that "* * * goods left * * * after December 31, 1981, will be considered abandoned. * * *" There is no evidence that Kayanda read the sign, or if he did, assented to it. Notwithstanding these facts, the general rule is that a bailee cannot, by contract, exempt himself from liability for his own negligence or that of his agents or servants. *Agricultural Ins. Co.* v. *Constantine, supra.*

As to the amount of the loss, it was clear from the evidence that the total value claimed by Kayanda was overstated and that amounts attributed to many items did not reflect their fair market value. The general rule which measures the market value of property which is lost, destroyed or stolen applies in this case. The measure is the fair market value at the time of such loss, destruction or theft.

Kayanda has proved his case by a preponderance of the evidence, and he is entitled to judgment, and the fair market value of the property not returned to Kayanda is $2,200.

As to the counterclaim, Kamenir did prove by a preponderance of the evidence that Kayanda was indebted to him for rent in the sum of $3,055 and that he is entitled to judgment against Kayanda for his amount.

In conclusion, Kayanda is entitled to a judgment against Kamenir in the sum of $2,200, and Kamenir is entitled to a judgment against Kayanda in the sum of $3,055.

*Judgment accordingly.*