NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BENJAMIN KIM, as PERSONAL REPRESENTATIVE of the ESTATE OF
CHOL KIM, *Plaintiff/Appellant*,

*v.*

LARRY WONG, *Defendant/Appellee*.

No. 1 CA-CV 21-0128
FILED 3-10-2022

Appeal from the Superior Court in Maricopa County
No. CV2018-006871
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Kercsmar Feltus & Collins PLLC, Scottsdale
By Gregory B. Collins
*Counsel for Plaintiff/Appellant*

Law Offices of Kyle A. Kinney PLLC, Scottsdale
By Kyle A. Kinney
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge D. Steven Williams joined.

---

**S W A N N**, Judge:

¶1        The personal representative of the estate of Chol Kim challenges the superior court's grant of summary judgment on Kim's breach of bailment claim against his former landlord, Larry Wong.  We affirm because no bailment was created.

## FACTS AND PROCEDURAL HISTORY

¶2        Kim leased commercial space from Wong starting in approximately 1994 to operate a jewelry store.  The parties' written lease expired in late 2006, at which point Kim became a month-to-month tenant.

¶3        Wong gave Kim written notice of his intent not to renew the lease in February 2017.  Wong visited the property at the beginning of March to see if Kim had vacated, but he had not and refused to do so.  Wong locked Kim out approximately one month later and posted a notice directing Kim to call Sherry Wong ("Sherry") with any questions.  At that time, Kim's jewelry inventory was still in the store.

¶4        Kim called Sherry the next day and demanded access to the property.  Sherry agreed to give him access if he was ready to remove his belongings from the property.  Kim would not confirm that he would remove his belongings, instead demanding that Sherry fix the lock.

¶5        Kim met Sherry at the property later that day.  Sherry again told Kim she would give him one-time access to remove his belongings, but Kim refused to confirm that he would do so.

¶6        Wong sued for forcible entry and detainer ("FED") in justice court and obtained an eviction judgment on May 4, 2017, following a hearing that Kim attended.  The judge told Kim that the court would issue a writ of restitution on May 10, and the judgment recited the same information.

¶7        Kim was served with the writ of restitution and forcibly evicted on May 12.  He returned to the property that evening and was arrested.  That night, while Kim was in jail, someone broke into the property and stole a portion of Kim's inventory.

¶8        Kim sued Wong in superior court, alleging that Wong recklessly breached his duty as a bailee by failing to protect the inventory after evicting him.  Wong counterclaimed for trespass.  The superior court granted summary judgment for Wong on Kim's claim, concluding that Wong owed no duty to protect the inventory because "a forcible eviction does not give rise to an involuntary bailment."  The parties then stipulated to a judgment on Wong's counterclaim.  Kim appeals from the final judgment.

## DISCUSSION

¶9        Summary judgment is appropriate when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.  Ariz. R. Civ. P. 56(a).  Summary judgment should be granted only "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense."  *Orme School v. Reeves,* 166 Ariz. 301, 309 (1990).  We review a grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-movant.  *Am. Furniture Warehouse Co. v. Town of Gilbert*, 245 Ariz. 156, 159, ¶ 9 (App. 2018).

¶10       Kim's claim is for breach of a bailment.  A bailment arises "where personal property is delivered to one party by another in trust for a specific purpose, with the express or implied agreement that the property will be returned or accounted for when the purpose is accomplished."  *Nava v. Truly Nolen Exterminating of Houston, Inc.*, 140 Ariz. 497, 500 (App. 1984).  A bailee owes a duty to exercise reasonable care to prevent damage to or loss of the bailed property.  8A Am. Jur. 2d Bailments § 78.

¶11       Citing several out-of-state cases, Kim contends that Wong, as his former landlord, became a bailee of his inventory after service of the writ of restitution.  Kim first cites *Christensen v. Hoover*, 643 P.2d 525 (Colo. 1982).  In *Christensen*, the landlord had taken the tenant's property to a private storage facility and refused to return it unless the tenant paid the

storage fees. *Id*. at 527.[1] Finding a bailment relationship, the Colorado Supreme Court explained that a bailment arises if a landlord "actively participates in removing the tenant's property from the premises, or if he assumes possession or control of the tenant's property after the writ of restitution has been executed." *Id.* at 528.

¶12 Here, unlike in *Christensen*, Wong did not remove any inventory. And though Kim contends that he was precluded from removing the inventory, the undisputed record shows that he consistently refused to do so, including during the approximately one-week period between the FED hearing and service of the writ of restitution. Further, Kim does not dispute that Wong lawfully terminated his tenancy. *Christensen* made clear that "[a]fter the tenancy has been lawfully terminated, the landlord is under no obligation . . . to store or maintain the tenant's possessions." *Id*. at 528; *see also Banks v. Korzman Assocs.*, 218 N.J. Super. 370, 372 (App. Div. 1987) ("When a tenancy has been terminated by lawful eviction, the landlord has no duty to care for property that the former tenant has left behind."); *McCready v. Booth*, 398 So.2d 1000, 1001 (Fla. Ct. App. 1981) ("We agree with the Villas that it had no duty to store or otherwise maintain the plaintiff's personal property once his tenancy had been lawfully terminated.").

¶13 Kim also cites *Zissu v. IH2 Property Illinois, L.P.*, 157 F. Supp. 3d 797 (N.D. Ill. 2016). There, the tenants contended that the landlord acted negligently by placing their property on the curb, where it was either stolen or damaged. *Id*. at 799–800. Consistent with *Christensen*, *Zissu* concluded that a landlord owes a duty to protect property a tenant leaves behind if the landlord acts as an actual or constructive bailee—in other words, if the landlord chooses to care for the property. *Id*. at 802. Here, Wong did not act as a bailee. Kim does not dispute that Wong could not access Kim's safes or alarm system and did not disturb any of the inventory. Kim's reliance on *Zissu* is puzzling because he also cites *Ringler v. Sias*, 428 N.E.2d 869 (Ohio 1980), for the proposition that Wong could have avoided liability by placing the inventory "outside of the leased unit."

¶14 Kim also relies on *Kayanda v. Kamenir*, 475 N.E.2d 519 (Ohio Mun. Ct. 1984). *Kayanda* did not involve a formal eviction; rather, the

---

[1] The landlord took similar action in *Poppe v. Stockert*, another case cited by Kim. 870 N.W.2d 187, 189 (N.D. 2015). The North Dakota Supreme Court's resolution of that case, however, hinged in part on a state-specific statute addressing the disposal of abandoned tenant property. *Id*. at 189, 191–93.

landlord closed the entire building with the tenant's property still inside, and the court found that the building closure made the landlord a bailee. *Id*. at 521.  Here, by contrast, Kim told Sherry that he would not vacate the property, and he continued to refuse to vacate after the justice court entered the eviction judgment.  Wong also presented undisputed evidence that he offered Kim post-lockout access to remove the inventory, but Kim declined.  There also is no competent evidence to suggest that Wong intended to seize any of the inventory to secure a lien for unpaid rent, assuming one exists.  *See* A.R.S. § 33-361(D).

**¶15**　　　　For these reasons, we conclude Wong owed no duty to protect Kim's inventory.  The superior court did not err by granting summary judgment.

## CONCLUSION

**¶16**　　　　We affirm.  Wong may recover his taxable costs incurred in this appeal upon compliance with ARCAP 21.

